JOHN F. GORDON v. THE STATE OF TEXAS.

SHERIFF, REMOVAL OF.—Under the Constitution of 1876, which permits the removal of a sheriff from office only when the grounds of removal are set forth in writing, and found to be true by the verdict of a jury, this court will not affirm a judgment which provided for the removal of a sheriff without the intervention of a jury in 1875. On the return of the cause to the District Court, after affirmance, that court would have no power under the Constitution to carry out the judgment.

APPEAL from Guadalupe. Tried below before the Hon. John P. White.

This was a proceeding instituted on the 3d day of July,

1875, by the district attorney for the county of Guadalupe, to remove John F. Gordon from the office of sheriff, for official misconduct and neglect of official duty. On the trial, in July, 1875, the presiding judge, without the intervention of a jury, the case being submitted to him, after hearing the evidence and arguments, adjudged that Gordon was unfit longer to hold the office of sheriff, and that the office was vacant. From this judgment Gordon appealed. The judgment was rendered on the 15th of October, 1875. This decision was rendered by the Supreme Court on the 4th of May, 1877. The Constitution of 1876 provides, (art. 5, sec. 24,) "county judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed, by judges of the District Court, for incompetency, official misconduct, habitual drunkenness, or other cause defined by law, upon the cause therefor being set forth in writing, and the finding of its truth by a jury."

*W. E. Goodrich*, for appellant.

No briefs for appellee have reached the Reporters.

ROBERTS, CHIEF JUSTICE.—This suit must be dismissed for the want of jurisdiction. The peculiar and summary power to remove the sheriff, conferred by the Constitution of 1869, does not now exist. (Sec. 18, art. 5, Const. 1869.)

The remedy for a removal of the sheriff and other county officers, prescribed in the Constitution of 1876, is different, in that it requires the facts constituting the grounds of removal to be presented in a written charge, and to be found to be true by a jury. (Sec. 24, art. 5, Const. 1876.) The District Court would, therefore, have no power to carry into effect the judgment of this court, if it was affirmed here, and sent back there. In addition to this, the term of office of the sheriff has long since expired, and a decision would be useless and inoperative.

DISMISSED.