### J. B. LACOSTE v. JAMES DUFFY.

1. LITIGATION FOR AN OFFICE CEASES WITH THE OFFICE. — Pro-
ceedings were brought by a claimant to an office against an incum-
bent.  After the expiration of the term of office has expired, no judg-
ment could be rendered to put the claimant into the office.  This
ordinarily is good reason for not rendering a judgment; and this is
especially the case in mandamus and information in the nature of a
*quo warranto* for an office the term of which has expired.
2. SAME—LIABILITY FOR COSTS.—It has not been customary for this
court to decide questions of importance after their decision has be-
come useless, merely to ascertain who is liable for cost.
3. FACT CASE.—A litigation for the office of county treasurer dismissed,
because the term of the office sought had expired.

APPEAL from Bexar.    Tried below before the Hon. George
H. Noonan.

*J. P. Simpson,* for appellant.

*Waelder & Upson,* for appellee.

ROBERTS, CHIEF JUSTICE.—This is a suit for mandamus, instituted in the District Court on the 24th of January, 1874, there tried, and the appeal therefrom filed in this court on the 8th of June, 1874. The object of the suit was to have determined whether James Duffy, having been elected county treasurer in November, 1872, held the office two years from that time, or only one year, and until J. B. Lacoste was elected to the same office at the general election held on the 2d of December, 1873, the term of said office, as prescribed by law, being two years, and the office having been created and made elective by statute.

From some cause not now known, the case was not determined at the term of this court to which it was returned, although good briefs were filed on both sides. It would then have involved a practical question; and it is to be regretted that it was not then decided. It was not reached in its order of filing on the docket until the last term of the court, when it was referred back to counsel, to learn from them whether or not it was considered important to the parties to have the question of law investigated and decided by the court; and there being nothing further proposed by counsel, it is presumed that the case now is regarded as involving nothing more than the cost, as the term of office has long since expired; and if the judgment should be reversed, there could be no judgment rendered now to put J. B. Lacoste into the office, and that is ordinarily a good reason for not rendering a judgment. (High on Ex. Rem., sec. 14; 9 La. An., 513.)

This is especially the case in mandamus and information in the nature of a *quo warranto* for an office the term of which has expired. (High on Ex. Rem., sec. 633; Morris *v.* Underwood, 19 Ga., 559; People *v.* Sweeting, 2 Johns., 184; People *v.* Hartwell, 12 Mich., 508.) Supreme Courts have some-

Argument for the motion.

times decided such a question merely with reference to the cost. (12 Ohio, 130.)

It has not been customary in this court to decide questions of importance after their decision has become useless, merely to ascertain who is liable for the cost. The amount of business of practical importance would forbid that the time of the court should be so occupied.

As the condition of the case is now such that the court could not render an effective judgment upon its reversal, the case is dismissed. (See Gordon v. The State, 47 Tex., 208.)

DISMISSED.