## J. M. ROBINSON v. THE STATE OF TEXAS.

### No. 562.

1. **Suit to Remove Officer After Term of the Office.**

The term of office to which the applicant for writ of error was elected has long since expired. The subject matter of the controversy has ceased to exist. Under such circumstances, an appeal will not be entertained merely to determine a question of costs ......................................... 565

ON MOTION FOR REHEARING.

2. **Action for Fees of Office.**

This court has held, that an officer de jure who has been illegally ousted may maintain an action for the recovery of the fees of the office. For that reason it may be that the court should entertain an appeal from a judgment determining the right to an office after the term has expired, provided that

the judgment can be interposed as a bar to an action for the salary or fees appertaining to the place........................   .......................... . 566

3. **Judgment of Court Without Jurisdiction.**

A judgment of a District Court without jurisdiction being void, the judgment affirming it would be a nullity, and should be so declared whenever pleaded, 566

APPLICATION for a writ of error to the Court of Civil Appeals, in an appeal from Hemphill County.

The petition for writ of error shows, that Robinson was elected and qualified as sheriff of Hartley County, Texas, in the fall of 1890; and was re-elected in November, 1892, and continued to discharge the duties of his office without again qualifying and giving a new bond.

January 3, 1893, the Commissioners Court, not having previously taken any action in the premises, this proceeding was instituted to remove him, and on January 4, 1893, he was removed by the district judge, and one Britton appointed.

From this judgment the defendant (who is plaintiff in error), appealed, and on October 10, 1892, the Court of Civil Appeals for the Second District affirmed the judgment. His motion for rehearing was overruled December 5, 1894.

From said action of the Court of Civil Appeals this application seeks relief. The errors complained of are:

1. The Court of Civil Appeals erred in treating this as a quo warranto proceeding, the same being a mere statutory proceeding, for removal, based on article 3401, et seq., Revised Statutes.

2. The removal was based upon the failure of the plaintiff in error to give bond after his second election. Such failure is not such malfeasance or nonfeasance in office as authorizes the District Court to remove; the Commissioners Court having taken no previous action in the premises, and the case not being one to test the right to hold an office, and this not being a statutory cause for removal, neither the District Court nor judge had jurisdiction to remove for such cause, and the Court of Civil Appeals is therefore in error in affirming the judgment.

3. The remedy provided by article 4518 of the Revised Statutes is exclusive in cases of sheriffs, and until the Commissioners Court have taken action and appointed because of vacancy found, the sheriff continues in his office. To hold that the district judge can remove and appoint under such circumstances is in plain violation of the terms of said article, and vests the judge, under pretense of removal from office, with power to fill a vacancy in the office—a power not vested in such judge by the Constitution nor the statutes.

4. The Court of Civil Appeals is in error in its construction and application of section 17, article 16, of the Constitution, by virtue of which clause one who is elected sheriff holds over until his successor

is qualified, and there is no distinction made in the Constitution or laws where he is his own successor.

*Moore & Mack,* for application.—This case turns upon the power of the district judge or court to remove a sheriff from office and appoint a successor, under the facts disclosed by the original petition and agreed statements of facts. We respectfully submit, that the conclusion of the Court of Civil Appeals does violence to the Constitution and laws, and that our construction is in strict accordance with the Constitution, and harmonizes all the statutes relating to removal, vacancies, and filling vacancies in office.

By the Constitution, section 17, article 16, when once elected, an officer holds until his successor is elected and qualified. This article of the Constitution was provided to prevent a hiatus in office, and is for the sake of public policy. But it is also for the sake of public policy that an elected officer should comply with the law and qualify, and it is therefore competent for the Legislature to declare that offices shall be vacant for such failure, and vest in a proper tribunal the power to fill the vacancy, and in case of sheriffs it has vested such power in the Commissioners Courts. It is also necessary, that the law shall provide a remedy on behalf of the public for the removal of officers for malfeasance and misfeasance, and the Legislature has provided appropriate legislation for this purpose, and vested the power in the District Court.

The question under consideration is, was the office of sheriff of Hartley County vacant by reason of the failure of the sheriff to give bond? Conceding that proper notice was given as the statutes provided, it was. And it was the duty of the Commissioners Court to fill the vacancy by appointment, and if facts justified that court in so doing, then that court was derelict of its duty; but its dereliction, if derelict, does not justify the District Court or the judge thereof to usurp the functions of the Commissioners Court, as defined by the statutes, and remove the officer and fill the vacancy created, as by a removal. To permit such action on the part of the district judge would defeat the purposes of the statutes and lead to usurpation. It might be within the power of the district judge or court, upon proper petition, to mandamus the Commissioners Court and require it to fill a vacancy, where a sheriff has failed and refused to qualify after his election; but such power can not be conferred upon the district judge or court by construction, especially in view of the fact, that in order to do so a plain statute must be construed out of existence, since the powers of the District and Commissioners Courts are not concurrent in this respect.

          *    *    *    *    *    *    *    *
In conclusion, we respectfully ask upon what theory of deductive or inductive reasoning can an officer be removed from an office already

vacant by operation of law? Is not the conclusion irresistible that this was a mere proceeding for the appointment of a sheriff by the district judge or court?

GAINES, CHIEF JUSTICE.—This suit was instituted against the applicant for the writ of error to remove him from the office of sheriff of Hartley County, to which he was elected at the general election, held in the year 1892. The alleged ground for his removal was, that he had failed to qualify by giving the bonds required by the statute. Upon the trial in the District Court there was a judgment removing him from office, which was affirmed in the Court of Civil Appeals. This application is for a writ of error to the latter court for the purpose of reversing their judgment and that of the trial court.

The term of office to which the applicant was elected has long since expired. The subject matter of the controversy has ceased to exist. Under such circumstances, an appeal will not be entertained merely to determine a question of costs. La Coste v. Duffey, 49 Texas, 767; Gordon. v. The State, 47 Texas, 208. The application is therefore dismissed.

*Application dismissed.*

Delivered February 7, 1895.

## ON MOTION FOR REHEARING.

*Moore & Mack* filed a motion for rehearing, urging: That if it be true, as contended by him, that he was illegally and improperly removed from his office as sheriff of Hartley County, Texas, that he has a right to recover from the appointee the fees and perquisites of such office, but if this judgment be suffered to stand unreversed, then it can be offered in evidence as a complete bar to any suit that he might file as against the appointee to said office; because, although it might be erroneous, it would be a judgment final, and settles conclusively, as far as he is concerned the legality of his removal, the Court of Civil Appeals holding that the District Court had jurisdiction to remove your petitioner, and their judgment being unreversed. But even if, in view of the fact, he prosecuted a writ of error up to the Supreme Court, he could therefore contend that the judgment did not preclude his right to recover, this would involve necessarily coming up to the Supreme Court in order to get around the judgment, because the District Court and Court of Appeals have already settled that he was properly removed. Besides, in a suit for recovery of his fees, it might well transpire that there was no jurisdiction on the part of the Supreme Court by writ of error. Again, while we appreciate that the authorities cited by the honorable Chief Justice support the conclusion that an appeal will not be entertained to determine a question

of costs, we submit for the decision of the court, whether or not said authorities are improvident, and should therefore be overruled by this court. Certainly the question of costs does not come within the maxim, "de minimis non curat lex," since the costs of court are the subject of minute legal regulation.

In Gordon v. The State, 47 Texas, 309, cited by Chief Justice Gaines, the court assigns the following reason for its conclusion: "The District Court would have no power to carry into effect the judgment of this court, if it was affirmed here, and sent back there. In addition to this, the term of office of the sheriff has long since expired, and a decision would be useless and inoperative." But however true this may be, in so far as reinstating plaintiff in error is concerned, the reversal of the judgment or its affirmance would settle the question of the right to recover the fees of office, and this court, if we are correct in our main contention, will simply reverse and dismiss the cause, because the District Court had no jurisdiction in the first instance. A judgment of this kind certainly would not be inoperative. And as to the question of costs, we submit that it is more consonant with public policy and the current of the law that they be fairly adjudicated, rather than that the appeal be dismissed.

GAINES, CHIEF JUSTICE.—In support of a motion for a rehearing of this application it is urged, that the court ought to assume jurisdiction and determine the case, for the reason, that although the term of office to which the applicant was elected has expired, if the judgment removing him remain unreversed it may be pleaded in bar to a suit for the recovery of the fees of the office. There is force in the contention as applied to a proper case. Since the cases cited in our former opinion were decided, this court has held that an officer de jure, who has been illegally ousted, may maintain an action for the recovery of the fees of the office. Beard v. Decatur, 64 Texas, 7. For that reason, it may be that the court should entertain an appeal from a judgment determining the right to an office after term has expired—provided that the judgment can be interposed as a bar to an action for the salary or fees appertaining to the place. We leave that an open question. Here the sole ground for the application for the writ of error is, that article 3401 of the Revised Statutes does not confer jurisdiction upon the District Court to declare the office of sheriff vacant when the sheriff elect has failed to give bond, as required by law. If that be so, the judgment of the District Court in this case is void, and the judgment of affirmance a nullity; and should be so declared in any tribunal in which they may be pleaded.

The motion for a rehearing is overruled.

*Motion overruled.*

Delivered February 28, 1895.