### J. B. McWhorter v. W. D. Northcut, Mayor, et al.

Application No. 2781. Decided October 18, 1900.

**Title to Office—Appeal—Expiration of Term of Office.**

Refusing writ of error, it is held, that appeal should not be entertained in a suit to determine title to an office, after the term of such office has expired; but the judgment should be dismissal of the case, not of the appeal, in order that the right of plaintiff to the fees of office may not be concluded. (Pp. 86, 87.)

Application for writ of error to the Court of Civil Appeals for the First District, in an appeal from Gregg County.

McWhorter sued the mayor and aldermen of Longview, and Lam, whom the council had, after removing plaintiff therefrom, appointed city marshal, the action being for mandamus to compel plaintiff's restoration, and appealed from a judgment on demurrer denying him relief. On his appeal the Court of Civil Appeals dismissed the case because the term of office sued for had expired, and he applied for writ of error.

*F. B. Martin* and *Turner & McHaney*, for petitioner.

GAINES, Chief Justice.—We are of the opinion that the Court of Civil Appeals made a correct disposition of this case. Until the opinion on the motion for a rehearing in the case of Robinson v. State, 87 Texas, 562, it was the settled rule in this State not to entertain an appeal in a suit to determine the title to an office after the term of office under the law had expired. Upon the argument of that motion, it was urged that since it had been determined that an officer wrongfully ousted could sue for and recover the fees of the office, it was improper to dismiss the appeal and to leave the judgment of the trial court in force, for the reason that it could be pleaded as res adjudicata in a subsequent suit to recover the fees of the office. If such were the result, it would seem that the appellant would, even after the term had expired, have a substantial right to be determined by the appeal. The argument raised in our minds a grave doubt as to the correctness of the

established rule, but we did not find it necessary in that case to decide the question.

A further consideration has removed our doubt upon the point. If the rule was to dismiss the appeal, the argument made in the Robinson case would be difficult to answer. But such is not the rule. It is to dismiss the case. Such a dismissal vacates the judgment of the trial court and leaves a subsequent litigation between the parties for the fees of the office unembarrassed by a former adjudication. In Gordon v. State, 47 Texas, 208, and Lacoste v. Duffy, 49 Texas, 767, the suits were dismissed; and such was the judgment of the Court of Civil Appeals in this case. We note, however, that the learned judge who wrote the opinion of the court said they were "of opinion that the appeal should be dismissed." This was doubtless the result of inadvertence.

The writ of error is refused.

*Refused.*