## J. E. WATKINS v. T. P. HUFF.

Application No. 3092.  Decided October 17, 1901.

**1. Mandamus—Termination of Right Sought to Be Enforced.**
When the right sought to be enforced by litigation has ceased to exist, as when the term of service in a teacher's contract with school trustees which he was seeking mandamus to compel the county superintendent of schools to approve has expired, the courts will proceed no further with the litigation. (P. 632.)

**2. Same—Writ of Error.**
Where the term of employment has expired the Supreme Court will dismiss an application for writ of error by the superintendent of schools upon whose appeal a judgment requiring him to approve a teacher's contract with the trustees has been affirmed.  (P. 632.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*C. S. Robinson,* for petitioner.

GAINES, CHIEF JUSTICE.—This action was brought by Huff against Watkins as superintendent of the public free schools of Bexar County for a writ of mandamus to compel the latter to approve a contract entered into by the relator with the trustees of a certain school district in that county for his services as a school teacher for the term of nine months beginning on the 3d of September, 1900. The relator obtained in the District Court a judgment awarding the writ, which was affirmed by the Court of Civil Appeals. The term of service contracted for in the agreement has expired; and the cause of action, however meritorious in its inception, has ceased to exist. An adjudication of the subject of the controversy is therefore unavailing. In such a case the authorities are abundant that the courts will proceed no further with the litigation. Lacoste v. Duffy, 49 Texas, 767; Gordon v. State, 47 Texas, 208; Corporation v. Paulding, 4 Martin, N. S., 189; Ex Parte Mackey, 15 S. C., 322; Cristman v. Peck, 90 Ill., 150; Colvard v. Board of Commissioners, 95 N. C., 515; State v. Archibald, 43 Minn., 328; State v. Board of Commissioners, 27 Fla., 438; Cutcomp v. Utt, 60 Iowa, 156; Williams v. Commissioners, 35 Me., 345. For this reason, the application for the writ of error is dismissed.

If the sum which the relator could have earned under the contract the approval of which he sought to enforce by this proceeding is to be deemed "the amount in controversy" within the meaning of those terms as used in the Constitution, it would seem that the jurisdiction of the Court of Civil Appeals would be final and that this court would be without power to grant a writ of error even had the case reached us before the time fixed by the contract had expired. Johnson v. Hanscom, 90 Texas, 321. But we do not find it necessary to determine the question.

*Application dismissed.*