ANSLEY et al. v. STATE.  (No. 7397.)

(Court of Civil Appeals of Texas. Dallas. April 3, 1915.)

APPEAL AND ERROR ☞781—DISMISSAL OF ACTION—EXTINCTION OF MATTER IN LITIGATION.

In an action to abate a public nuisance, where defendants appealed from an order granting a temporary injunction, upon motion by the state, supported by affidavits, to dismiss the appeal on the ground that the defendants had sold the premises alleged to have been kept as a disorderly house, the case will be dismissed the questions involved being moot whether or not a question of costs is involved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80, 3122; Dec. Dig. ☞781.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the State of Texas against Bob Ansley and others. Judgment for plaintiff, and defendants appeal. Cause dismissed on motion.

McCutcheon & Church, of Dallas, for appellants. M. T. Lively, Co. Atty., of Dallas, for the State.

TALBOT, J.   This is an appeal from an order of the district court of Dallas county, Tex., granting a temporary injunction in the above entitled cause, restraining the appellants, Bob Ansley and Dave Williams, from keeping an alleged disorderly house on land and premises owned by them, situated in said county and state, about seven miles north of the city of Dallas. The suit was brought in the name of the state of Texas, acting by and through the county attorney of Dallas county, and C. O. Carson, who resided with his family near said alleged disorderly house, but the writ of injunction prayed for was granted to the state of Texas alone. The petition charged that the house and premises in question were used as a bawdyhouse, as such house is defined by our statute, and, further, that men and women of bad reputation for chastity were permitted to and did resort to said house at all times of the night, and used loud, vulgar, obscene, indecent, and profane language and conducted themselves in a lewd and indecent manner, etc., to the great discomfort and annoyance of plaintiff, C. O. Carson, and his family, and to the irreparable injury of his property; that the noises made on said premises and the conduct of those resorting there constituted the place a public nuisance which should be abated.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The appellee, state of Texas, has filed a motion in this court alleging that since this appeal was perfected the appellants have sold and disposed of the premises alleged to have been kept by them as a disorderly house and all the interest that they or either of them had in the same; and prays that this suit be dismissed. This motion is verified by affidavit, and the facts therein stated are otherwise established beyond controversy, and it must be sustained. That an appellate court will not decide questions involved in litigation when the subject-matter thereof has ceased to exist and their decision would be useless is thoroughly established by the decisions in this state. Gordon v. State, 47 Tex. 208; Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Southwestern Tel. & Tel. Co. v. Galveston County, 59 S. W. 589; Old River Rice Co. v. Stubbs, 133 S. W. 494. The fact that a question of costs is involved does not alter the case. It has been uniformly held that where the subject-matter of the controversy has ceased to exist, the appeal would not be entertained merely to determine such question. The subject-matter of the controversy between the parties to the suit before us having ceased to exist, the courts will not try the case to determine the question of what the rights of the parties were. The rule in such cases is to dismiss the case, not the appeal, the effect of which is to annul the judgment of the court below. McWhorter v. Northcut, supra.

This cause is therefore dismissed.