PECK v. MURPHY & BOLANZ et al.
(No. 7408.)

(Court of Civil Appeals of Texas. Dallas. April 17, 1915. Rehearing Denied May 1, 1915.)

APPEAL AND ERROR ⬤➡781 — DISMISSAL — GROUNDS—MANDAMUS.

Where, pending appeal from the denial of an application for a writ of mandamus to compel a district clerk to issue an execution on a judgment, the clerk's term of office expires and his successor qualifies and is installed, the cause will be dismissed; it being the duty of appellate court to refuse to decide questions where the matter in controversy has ceased to exist or the decision would be inoperative.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 63–80, 3122; Dec. Dig. ⬤➡781.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Application for writ of mandamus by Herman Kruegel against H. H. Williams, district clerk, to compel him to issue an execution on a judgment for H. D. Peck in an action by H. D. Peck against J. P. Murphy and another, doing business as Murphy & Bolanz. Writ denied, and Kruegel appeals. Dismissed.

Herman Kruegel, of Dallas, in pro. per. Cobb & Avery, of Dallas, for appellees.

RAINEY, C. J. Herman Kruegel, appellant, filed a motion in the Fourty-Fourth district court of Dallas county seeking a writ of mandamus against H. H. Williams, district clerk of said county, commanding him to issue an execution by virtue of a judgment rendered by said court in favor of H. D. Peck against Murphy & Bolanz, J. P. Murphy and Charles F. Bolanz, in cause No. 14225, styled H. D. Peck v. Murphy & Bolanz, which judgment has been assigned to Herman Kruegel by H. D. Peck. On hearing the cause the district court refused to issue the writ of mandamus, and Kruegel appeals.

Since judgment overruling said motion by the district court and the perfecting of this appeal, the respondent, H. H. Williams, has ceased to be clerk of said court, his term of office having expired at the last general election in November, 1914, and his successor, Matt L. Cobb, has qualified and been install-

---

éd as district clerk of said county. Williams being no longer clerk of the court, it is no longer his duty to perform the duties of said office, therefore a mandamus should not be issued commanding him to issue the execution, as the law requires the clerk to perform that duty, and an execution now issued by Williams would be void. Then it would be useless for us to determine the question of whether or not the district court should have granted the motion for mandamus. It is well settled by decisions of this state that appellate courts will not decide questions where the matter in controversy has ceased to exist or the decision would be useless and inoperative. Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Ansley v. State of Texas, 175 S. W. 470, decided by this court April 3, 1915, not yet officially published; Old River Rice Irr. Co. v. Stubbs, 133 S. W. 494; Gordon v. State, 47 Tex. 208; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720.

The cause is dismissed.