### KOY v. SCHNEIDER, Tax Collector.
### (No. 7919.)

(Court of Civil Appeals of Texas. Galveston. Oct. 27, 1920.)

1. **Appeal and error** 781(4) — **Appeal dis-missed on disposition of appeal subsequent to election involved.**

In suit to compel tax collector to give plain-tiff receipt to entitle her to vote in primary election under Acts 35th Leg. 4th Call. Sess. (1918) c. 34, the Court of Civil Appeals in dis-posing of plaintiff's appeal subsequent to the election will dismiss appeal, since rendition of judgment compelling issuance of poll tax re-ceipt for such purpose subsequent to the elec-tion would be a vain thing.

2. **Costs** 232—**Generally adjudged against appellant on appellate court's dismissal of appeal on subject-matter ceasing to exist.**

Generally, appellate court in dismissing ap-peal on ground that the subject-matter has ceased to exist will adjudge costs against appel-lant.

3. **Costs** 232 — **Taxed against appellee on dismissal because moot, where judgment should have been for appellant.**

The Court of Civil Appeals on dismissal of appeal following receipt of Supreme Court's answer to certified questions, on ground that subject-matter has ceased to exist, will tax costs against appellee, where Supreme Court's answer to certified questions showed that judg-ment of lower court should have been for ap-pellant.

Appeal from District Court, Fayette Coun-ty; M. C. Jeffrey, Judge.

Suit by Mrs. Alma Koy against William Schneider, Tax Collector. Judgment of dis-missal, and plaintiff appeals. Appeal dis-missed.

See, also, 218 S. W. 479; 221 S. W. 880.

Walter Acker, Sr., of Houston, for appel-lant.

C. G. Krueger, of Bellville, for appellee.

PLEASANTS, C. J. Appellant brought this suit in the district court of Fayette county on the 28th day of November, 1919, for man-damus against appellee as tax collector of Austin county, compelling him to receive from appellant the sum of $1.75 in payment of her poll tax and to issue to her a receipt therefor that she might·be thereby qualified to participate and vote in the Democratic primary election to be held in the year 1920, as authorized by the act of the Thirty-Fifth Legislature of the State of Texas, passed at the fourth called session of that Legislature and published in the general laws of that session, pages 61–63.

Appellee filed his answer on December 6, 1919, consisting of general demurrer, general denial, and further answered admitting spe-cifically and in detail all of the material al-legations contained in plaintiff's original peti-tion, and set up the unconstitutionality of the act under which appellant claims the right to vote.

The trial was by the court without a jury and resulted in a judgment in favor of ap-pellee, sustaining the general demurrer to appellant's petition, and against appellant, dismissing her petition on refusal to amend, and for cost of suit.

This judgment was appealed from, and the appeal submitted to this court on December 18, 1919, and on December 23, 1919, the con-trolling question in the case was certified to the Supreme Court.

The original opinion of the Supreme Court answering the certified question was filed on January 28, 1920 (218 S. W. 479). A motion for rehearing filed in that court was over-ruled on April 21, 1920 (221 S. W. 880).

The answer of the Supreme Court was cer-tified to and filed in this court on May 18, 1920.

From the foregoing statement of the pur-pose of the suit and the progress of the liti-gation, it is apparent that this court cannot now, nor could at any time after the answer of the Supreme Court to the certified question was returned to this court, have rendered a judgment granting appellant the relief sought by her suit. The time in which the payment of a poll tax entitling plaintiff to vote in the primary elections held in 1920 had ex-pired before the final determination by the Supreme Court of appellant's right to demand the issuance to her of a poll tax receipt. All

---

of said elections have long since been held, and, if the appellee had authority to now issue a poll tax receipt which would have entitled appellant to vote in said election, it would be an idle and vain thing for this court to now render a judgment compelling the appellee tax collector to issue such receipt. It would be equally vain and idle for this court to now adjudge that appellant was entitled at the time she applied therefor to have the receipt issued, since the Supreme Court in answering the certified question so adjudged, and her right to vote in the future is now protected by the recently adopted amendment to the Constitution of the United States.

[1] We think as the case now stands the proper judgment for this court to render is one dismissing the appeal, just as in a case in which the subject-matter of the suit has ceased to exist.

[2] In such cases the costs of the appeal are ordinarily adjudged against the appellant on the ground stated by Chief Justice Roberts in the case of Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122, that—

"It has not been customary [for an appellate court] to decide questions of importance after their decision has become useless, merely to ascertain who is liable for the cost. The amount of business of practical importance would forbid that the time of the court should be so occupied."

[3] The reason on which this rule is based is not present in this case, because the Supreme Court has decided in this case that appellant was entitled to have the receipt issued to her. Appellee having, in the opinion of a majority of the Supreme Court, wrongfully refused to issue the receipt and thereby caused appellant to incur the cost of this litigation, should be required to pay all such costs.

As above indicated, the appeal will be dismissed and the costs adjudged against the appellee.

Dismissed.