**DALLAS JOINT STOCK LAND BANK et al. v. DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 9 et al. (No. 9338.)**

(Court of Civil Appeals of Texas. Dallas. June 7, 1924.)

1. **Appeal and error ⬤➡802—Case dismissed on hearing of appeal, after thing sought to be enjoined accomplished.**

On appeal from order denying injunction or dissolving temporary injunction, where thing sought to be enjoined has been accomplished before hearing of the appeal, the case rather than the appeal will be dismissed, so as to not embarrass further legal proceedings for purpose of asserting right for redress.

2. **Appeal and error ⬤➡781(1)—Moot questions of importance not determined merely for purpose of determining liability for costs.**

Courts will not decide questions of importance after the decision has become useless, merely for the purpose of ascertaining who is liable for costs.

3. **Injunction ⬤➡5—To warrant mandatory remedial injunction, case must be urgent, and plaintiff without remedy at law.**

To justify a mandatory remedial injunction, the case must be very strong and urgent, and plaintiff without an adequate remedy· at law.

4. **Levees and flood control ⬤➡11—Mandatory remedial injunction, requiring restoration of land to original condition after partial construction of ditch, held unwarranted.**

Mandatory remedial injunction, restraining construction of ditch across property, and requiring restoration of same to condition as before construction was commenced, held unwarranted; an adequate remedy at law in the form of action for damages being available.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Pleading ⬡⟶248(16) — Trial amendment seeking mandatory remedial injunction held not to set up new cause of action.**

In action to enjoin construction of ditch across land, trial amendment, by which a mandatory remedial injunction, requiring restoration of the land to its original condition in so far as it had already been changed, *held* not to set up another or different cause of action.

Appeal from District Court, Dallas County; Royall A. Watkins, Judge.

Suit by the Dallas Joint Stock Land Bank and others against the Dallas County Levee Improvement District No. 9 and others. Decree for defendants, and plaintiffs appeal. Case dismissed.

C. C. Renfro, of Dallas, for appellants. Jacks & Hurt, of Dallas, for appellees.

VAUGHAN, J. Appellants prosecuted this appeal from a judgment of the trial court dissolving a temporary restraining order theretofore issued, restraining appellees, and each of them, from further proceeding with the construction of a new channel for Rowlett creek, across 62 acres of land out of the Hope Mills survey in Dallas county, conveyed by one C. I. Haynes in 1919 to J. S. Herfurth, one of the appellees. Since the filing of the transcript of the record in this court on May 3, 1924, it has been made to appear by proper motion, accompanied with necessary affidavits presented by counsel for appellees, that the thing sought to be restrained, to wit, the construction of said new channel for Rowlett creek across said 62 acres of land, has been accomplished, and therefore the very thing to prevent which said writ of injunction was sought ceased to exist as a matter of controversy between the parties to the suit, in so far as relief by writ of injunction is concerned. The matter in controversy between the parties was the construction on the part of appellees of a new channel for Rowlett creek through the entire area of land comprising the Dallas county levee improvement district No. 9, which included the above 62 acres of land, and, on the part of appellants, to prevent the construction of said channel across said 62 acres of land.

At the time said temporary restraining order was served, said channel had been completed across said 62 acres of land, with the exception of about 200 feet. Motion to dissolve was duly filed by appellees, which, upon hearing, was sustained by the dissolution of said writ. Appellant Dallas Joint Stock Land Bank was accorded the right to keep said temporary writ of injunction in force pending the disposition of the appeal to the Court of Civil Appeals, on the execution of bond in the sum of $10,000, conditioned as required by law and said order. This bond was not executed by appellant bank. Said restraining order therefore ceased to exist after the expiration of the time within which said bond should have been executed. Immediately thereafter appellees proceeded to complete the new channel for said creek upon and across said 62 acres of land.

The completion of the new creek channel across said 62 acres of land brought to a close the controversy between the parties, so that further proceedings by this court, disposing of the question originally presented by said injunction proceedings would not have any practical legal effect upon an existing controversy; no rights remaining for this court to determine on which its judgment could operate. Ex parte Steele (D. C.) 162 Fed. 694–702; Whitaker v. Dillard, 81 Tex. 359, 16 S. W. 1084, from which the following is quoted as being peculiarly applicable to the instant case:

"As the writ of injunction is used to prevent injuries, and not to afford remedy for injury inflicted, this appeal might be disposed of on the ground that the acts which it was the purpose of this suit to prevent had been accomplished when this cause was tried, in the absence of clear averment of further threatened injury."

[1, 2] However, it is now the settled practice in cases of this character not to dismiss the appeal, but rather to dismiss the case, thereby annulling the judgment of the trial court so as not to embarrass further legal proceedings that may be resorted to by the parties for the purpose of asserting a right for redress or the urging of a defense thereto. S. W. Tel. & Tel. Co. v. Galveston County (Tex. Civ. App.) 59 S. W. 589; Lockart v. Stuckler, 49 Tex. 765. In Lacoste v. Duffy, 49 Tex. 767, 30 Am. Rep. 122, it was said:

"It has not been customary in this court to decide questions of importance after their decision has become useless, merely to ascertain who is liable for the cost."

See Robinson v. State, 87 Tex. 562, 29 S. W. 649; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720.

[3, 4] Appellants contend that, having by appropriate trial amendment sought relief by mandatory remedial injunction, which if granted, would have required appellees to have restored the 62 acres of land as same existed prior to the changed condition brought about by the construction of said creek channel, the fact that same has been completed since the hearing of the motion to dissolve should not in any respect militate against appellants' right to relief sought. This position would be sustained if appellants, under the facts, were entitled to this extraordinary remedy. The facts alleged are not sufficient

---

⬡⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to show a clear right to and a case of necessity or extreme hardship demanding the issuance of a mandatory injunction. It appears from the allegations that appellants have an adequate remedy at law in the form of an action for damages. Gardner v. Stroever, 81 Cal. 148, 22 Pac. 483, 6 L. R. A. 90, in which the court held:

"But, without regard to statutory provisions, it seems to be well settled that a very strong and urgent case is required to justify a mandatory preliminary injunction. A clear case of prospective injury for which the plaintiff will have no adequate remedy at law is indispensable."

See Lord v. Carbon Iron Mfg. Co., 38 N. J. Eq. 452.

In High on Injunction (4th Ed.) vol. 1, § 1, the rule is stated:

"It is to be observed, however, that courts of equity rarely interfere to command the doing of a positive act, but the same result is obtained by framing the injunction in an indirect form and prohibiting the defendant from doing the reverse from what he desired to do. Even then the jurisdiction is exercised with extreme caution and is confined to cases where the courts of law are unable to afford adequate redress, or where the injury cannot be compensated in damages. And, in determining whether to grant relief by way of mandatory injunction, courts of equity will take into consideration the relative convenience and inconvenience which would result to the parties from granting or withholding the relief, and will be governed accordingly."

[5] In passing upon this phase of the case, we did so, assuming that the trial amendment was properly before and considered by the court on hearing of the motion to dissolve. Otherwise said amendment, in the condition of the record, would not be before this court to be considered for any purpose. It was contended by appellees that the filing of the trial amendment presented a new cause of action by reason of the character of the relief therein sought. This proposition we have not been able to assent to. Appellants' cause of action was one for equitable relief by injunction, and the character of relief sought, whether in the form of an injunction preventing the doing of an act, or a mandatory remedial injunction commanding the doing of an act, so as to grant the relief necessary to secure appellants against the threatened injury, concerned the measure of relief to be granted. Therefore the trial amendment did not set up another or different cause of action so as not to form a part of the original proceedings instituted by appellants. Beach on Injunctions, vol. 1, §§ 97, 98.

We therefore hold that the case should be dismissed, and it is so ordered.

Dismissed.