## CISCO INDEPENDENT SCHOOL DIST. v. DUDLEY et al.

### No. 1150.

Court of Civil Appeals of Texas. Eastland.
Oct. 27, 1932.

Rehearing Denied Nov. 4, 1932.

Butts & Wright, of Cisco, and Conner & McRae and Frank Judkins, all of Eastland, for relator.

Hart, Patterson & Hart, of Austin, Turner, Seaberry & Springer, of Eastland, Woodruff & Holloway, of Brownwood, L. D. Hawkins, of Breckenridge, Loftin V. Witcher, of Ft. Worth, and Cox & Hayden, of Abilene, for respondents.

LESLIE, J.

This is an original proceeding in this court. It was instituted by the Cisco independent school district to procure the issuance by this court of a mandatory injunction to compel L. E. Dudley, N. S. Holland, R. F. Holloway, P. B. Bittle, and E. J. Woodward, individually and as members of the executive committee of district No. 3 of the Interscholastic League of Texas, (1) "to immediately proceed to carry out the commands of the judgment of September 28th, 1932, by the 91st District Court of Eastland County" in cause No. 15329; (2) to refrain from doing each and everything which they (defendants) were directed not to do by said judgment, and (3) to compel said district committee to arrange a schedule of football games between the Cisco High School and the other towns of district No. 3. Such relief is sought "so that the jurisdiction of this court may be preserved and the subject matter of this suit not destroyed," and thus "prevent final rendition' of judgment in this cause from being a vain and useless thing." This cause referred to above, and to which this proceeding relates, is that of the Cisco Independent School District v. L. E. Dudley, No. 15329. The defendants in that cause were L. E. Dudley et al., composing the membership of the executive committee of district No. 3, and the state executive committee of the Interscholastic League, individually and as such, respectively.

In the original suit it was alleged that the University Interscholastic League is a voluntary association, composed of the various public schools of the state under articles of association, that the state is divided into sixteen districts, and that district No. 3 is composed of the towns of Ranger, Abilene, Breckenridge, Brownwood, Eastland, and Cisco. The pleadings further set forth that the association is governed by self-enacted rules and regulations, and that it has certain eligibility rules, with penalties for the violation of the same. Suffice it to say that, in the operation of the league in district No. 3, certain infractions of the eligibility rules were charged against the Cisco High School, and, as a result of an investigation pursuant to the rules of the association, the said Cisco district was suspended for one year from the state league. It was the position of the plaintiff in said suit that it had been wrongfully suspended, and upon a trial of the case judgment was rendered setting aside the order of suspension as made by the state committee of the Interscholastic League. The judgment went further and enjoined the district committee from proceeding further with the making of any schedules that would not provide for games with the Cisco High School, and ordering the district committee to immediately proceed to arrange a schedule for games to be played between the Cisco High School and the other high schools of district No. 3. The judgment ran against the state executive committee, the district executive committee, and against the defendants jointly and severally.

That judgment was entered September 28, 1932. Motion for new trial was overruled October 1st, the last day of the August term of court, and on October 4th following, and on motion of the district committee, the trial court heard testimony and fixed the sum of $5,000 as the proper amount of the supersedeas bond. A bond in that amount was promptly executed by the executive committee of district No. 3, and filed and approved October 13, 1932. The state executive committee appeals with cost bond. The jurisdiction over said cause and its subject-matter thus passed into this court. The Cisco district will be referred to as relator and the committee as respondents. The proceeding instituted in this court October 15, 1932, has been given prompt hearing and careful consideration.

In the first part of this opinion we stated the object and purposes of this application for the mandatory injunction. The relator's right to such relief will now be considered in the light of certain statutes and well-established rules of law and equity by which this court must be governed. There are at least two controlling reasons why the relief sought cannot be granted:

In the first place, the original cause of action tried in said Ninety-First district court is a civil case within the meaning of article 2249 of the Revised Statute (1925), which provides that: "An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases. * * *" In fact, we do not understand that any party to this suit contends that it is not such case, or that the judgment in the district court is not a "final judgment." Certainly there would be no ground for such contention. That being true, the defendants (respondents here) had the undoubted right to appeal from said judgment. They excepted to the same, gave notice of appeal, and executed and filed the aforesaid bond, fixed by the trial judge as proper and sufficient protection to the relator, the Cisco independent school district. In doing so, the respondents have simply availed themselves of the right of appeal under the plain provision of article 2270 of our Revised Statute, the pertinent part of which reads as follows: "An appellant * * * desiring to suspend the execution of the judgment, may do so by giving a good and sufficient bond

to be approved by the clerk, payable to appellee * * * in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant * * * shall prosecute his appeal * * * with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

In other words, the lawmaking power of this state has provided definite ways of appeal "from every final judgment of the district court in civil cases," and, where the appellant or appellants, as in this case, comply with the statutes, the trial court has no say, discretionary or otherwise, and neither does this court; that is, the effect of the supersedeas bond is "to suspend the execution of the judgment," and that without let or hindrance from the trial or appellate court.

In construing the effect of the law granting the benefit of supersedeas bond, our Supreme Court in Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, 330, quoted that provision of the statute which we have above set out, and with reference thereto said: "This is plain language that cannot be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal."

There being no question but what the law relative to supersedeas bonds applies in this case, this court has no alternative but to recognize the respondents' rights thereunder, and hold, as we do, that the judgment of the district court has been superseded pending the results of the appeal being prosecuted in an orderly and statutory manner. To hold otherwise would, in effect, be to hold that the judgment below can be enforced during the pendency of this appeal, notwithstanding the respondents or the district committee have fully complied with the law giving them a right to supersede the judgment. The mere statement of the proposition discloses its unsoundness.

The effect of this court's granting the relief prayed for would be to exercise original jurisdiction in the case, and not appellate jurisdiction, the later of which alone this court has. Laredo v. Martin, 52 Tex. 554. Also it would, as to respondents, nullify the effect of the supersedeas bond and thereby deprive them of its fruits and benefits. No such power rests in either this or the trial court, and the statute (article 2270) does not make this character of case and the judgment therein an exception to its operation.

Our conclusions herein are warranted and required, as we believe, by the opinions of our Supreme Court in Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A. L. R. 1103, and Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, and the many authorities cited and discussed in each of them.

In the second place, the power of this court to grant original writs is strictly limited by statute. Article 1823 thereof is as follows: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." Certainly under the statute and the authorities, some of which are Gibbons v. Ross (Tex. Civ. App.) 167 S. W. 17; Moore v. McLennan County (Tex. Civ. App.) 275 S. W. 478; Duke v. Gilbreath (Tex. Civ. App.) 2 S. W.(2d) 324; Ford v. State (Tex. Civ. App.) 209 S. W. 490; Madison v. Martinez (Tex. Civ. App.) 42 S.W.(2d) 84; Bird v. Alexander (Tex. Civ. App.) 288 S. W. 606; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, this court has power to enforce its jurisdiction and preserve the status quo of the subject-matter of such litigation after jurisdiction is acquired by virtue of the execution of proper appeal and supersedeas bonds, but relator's application here for this injunction makes out no such case. The relator makes no showing that the jurisdiction of this court over the subject-matter of the litigation is in any wise in jeopardy.

■ In seeking to have this court, by mandatory writ, require the defendants in the original cause "to proceed to carry out the commands of the judgment of the district court," as above set forth, the relator is, in effect, asking this court to determine the merits of the original case, and, in addition, now confirm the correctness of the trial court's judgment from which this appeal is prosecuted. This, too, without having the benefit of the statement of facts and a complete transcript. To grant such purported relief would, in our judgment, effectively destroy the subject-matter of this litigation rather than preserve and enforce the jurisdiction of this court over the same.

■ The relator further suggests that, if this court finds itself prohibited by law from granting the relief prayed for, it then dismiss the pending appeal in the original suit, since it is obvious that all the questions involved therein will become moot at the expiration of the competitive football season, indicated to be about a week after Thanksgiving. Granting that the questions will become moot as contended, the proper order for this court to make would be one dismissing the case, and not dismissing the appeal. This contention is overruled. McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Dallas Land Bank v. Levee Improvement Dist. (Tex. Civ. App.) 263 S. W. 1103; Wichita Falls Elec. Co. v. Huey (Tex. Civ. App.) 246 S. W. 692, 694.

■ The relator makes a further point that the proceedings to obtain the supersedeas

**642**

bond are insufficient to support the same. The contention rests on the fact that in the trial court the defendants (respondents here) made a motion to' have the trial court fix the amount of the bond, and that it was not acted upon October 1st, the last day of the August term of court, at which the original cause was tried, but was acted on the following October 4th, a day in the ensuing term. No authority sustaining this proposition is presented, and we have not found that the question has been passed upon. The right to supersede a judgment in this character of case is well established. Houtchens v. Mercer, supra; Ætna Club v. Jackson (Tex. Civ. App.) 187 S. W. 971. This right to supersede the judgment exists until the judgment is executed, and the trial court 'may be required by mandamus to fix the amount of such bond that the right to suspend the judgment may be exercised. The statute gives a certain limited time in which the losing party desiring to appeal may file either a cost bond or supersedeas bond, and we are of opinion that it necessarily follows that he is not put to an election during the term at which the judgment is rendered as to which character of bond he may file, or which method of appeal he will pursue. Hence the fixing of the amount of a supersedeas bond in this character of case is not such part of the original proceedings as that it should have been performed at the term of court when judgment was rendered. The proposition is overruled.

For the reasons assigned, the prayer of the relator's application is denied.