## DANCIGER OIL & REFINING CO. OF TEXAS v. RAILROAD COMMISSION OF TEXAS et al.

### Motion No. 10530; No. 6283.

Supreme Court of Texas.

Feb. 13, 1933.

S. A. L. Morgan and Morgan, Culton, Morgan & Britain, all of Amarillo, I. J. Ringolsky and Ringolsky, Boatright & Jacobs, all of Kansas City, Mo., and Chas. L. Black and Black & Graves, all of Austin, for plaintiff in error.

James V. Allred, Atty. Gen., Fred Upchurch and Maurice Cheek, Asst. Attys. Gen., Hines H. Baker, of Houston, Robert E. Hardwicke, of Fort Worth, Marion S. Church, of Dallas, and John E. Kilgore, of Wichita Falls, for defendants in error.

LEDDY, C.

Defendants in error have filed a motion to dismiss the writ of error in this case on the ground that the questions presented for decision are now moot.

This suit involves an attack made by plaintiff in error on a proration order of the Railroad Commission of Texas promulgated under the terms of the oil conservation statutes as they existed prior to August, 1931. The order sought to be annulled expired by its own terms subsequent to the rendition of the judgment in this case. In addition to this, the conservation statutes authorizing the Railroad Commission to regulate the production of oil in Texas have been materially changed since the judgment was rendered by the district court, from which the appeal was taken. Acts Fourth Called Session, 42d Legislature (1932) c. 2, p. 3 (Vernon's Ann. Civ. St. arts. 6014, 6014a, 6029, 6048c, §§ 5, 7, 8, 6049d).

Courts have sometimes decided questions involving attacks upon short time orders of commissions after the same have expired by their own terms. Such cases were decided on the theory that a decision of the question as to the power of the tribunal to make the order involved might be of material value in the promulgation of similar orders in the future, and for the further reason that the person against whom such order was made might be subjected to liability in subsequent proceedings if the legality of the order were not determined. Southern Pacific Co. v. Interstate Commerce Commission, 219 U. S. 433, 31 S. Ct. 288, 55 L. Ed. 283; Technical Radio Laboratory v. Federal Radio Commission, 59 App. D. C. 125, 36 F.(2d) 111, 66 A. L. R. 1355; United States v. Trans-Missouri Freight Ass'n, 166 U. S. 290, 308, 17 S. Ct. 540, 41 L. Ed. 1007; Leonard v. Earle, 279 U. S. 392, 49 S. Ct. 372, 73 L. Ed. 754.

But in this case the law under which said

order was made has been materially changed; hence a decision of the questions involved in this case would be of little, if any, practical value for such purpose.

We are inclined to the view that, although the questions involved in this case are moot, it would not be proper for this court to dismiss the writ of error. Such action would leave in effect a final judgment of the district court of Travis county adjudicating that plaintiff in error has violated a valid proration order of the Railroad Commission. In order that plaintiff in error may not be prejudiced in any subsequent proceeding by a judgment which this court has refused to consider on its merits, we think a proper disposition of the case would be to reverse the judgment of the trial court and the Court of Civil Appeals and to dismiss the cause. Alejandrino v. Quezon, 271 U. S. 528, 536, 46 S. Ct. 600, 70 L. Ed. 1071; Railroad Commission of Texas v. Alfred MacMillan et al., 53 S. Ct. 223, 77 L. Ed. ——.

The judgments of the district court and the Court of Civil Appeals are both reversed, and the cause dismissed.

## CURETON, C. J.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.