## FIRST COLEMAN NAT. BANK OF COLEMAN v. WHITFIELD et ux.

### No. 7980.

Court of Civil Appeals of Texas. Austin.

Jan. 31, 1934.

Rehearing Granted in Part and in Part Overruled Feb. 14, 1934.

Critz & Woodward, of Coleman, for appellant.

Woodruff & Holloway, of Brownwood, for appellees.

BAUGH, Justice.

Appellant herein, as purchaser, in January, 1933, at a sale under a deed of trust, sued appellees in trespass to try title and for possession of the lands so purchased by it in Coleman county. Appellees asserted no title to the land, but claimed the right of possession thereof until they could mature and gather crops thereon for the year 1933, under a rental contract entered into in 1932 with W. M. Whitfield, the then owner of the legal title to said lands. Trial was to the court upon an agreed statement of facts, the court awarded title to the lands to appellant, subject to the rights of appellees to cultivate, mature, and gather the crops thereon in 1933, and directed payment by appellees of the rents thereon to appellant. From this judgment, the bank appealed.

Appellees now file motion to dismiss the case, on the ground that the questions involved have become moot. This motion is resisted by the appellant on the grounds that the court had no authority to determine the amount of rents appellees should pay to it, regardless of the question of title and possession.

We have reached the conclusion that the motion should be sustained. An examination of the appellant's briefs discloses that its chief contention is that the court erred in not awarding it immediate and exclusive possession of the premises, in addition to title, and that it had no power to render any judgment as to the amount of the rents to be paid. Nowhere do we find any assignment or contention made by appellant on its appeal as to the amount of the rents decreed; or that, in the event appellees were entitled to retain possession of the premises for 1933, the rents decreed to be paid, which were those agreed upon between the appellees and W. M. Whitfield, were not proper as to amount.

Appellant's contention in these respects is disclosed by its prayer in the briefs filed, as follows:

"We, therefore, respectfully pray the court that the judgment of the District Court in so far as the same refuses immediate possession of said land to the plaintiff, appellant herein, and in so far as said judgment gives the defendants the right of use and possession of said land for the year 1933 or any other term, or the right to the use or occupancy of the same or to raise or gather a crop thereon be reversed and rendered for the appellant."

It is obvious, of course, that the issue of possession for the year 1933, that term having expired, has become moot. And showing is made in appellees' motion to dismiss that the rents have already been paid by the appellees to the appellant as directed in the judgment of the trial court. This statement in the motion is not controverted by the appellant. Having therefore accepted the rents payable to it under the judgment, the matter of rents also has likewise become moot. That being true, the proper order for this court to enter in the premises is to reverse and dismiss the case, rather than merely to dismiss the appeal; and it is accordingly so ordered. See McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Dallas Joint Stock Land Bank v. Dallas County Levy Improvement Dist. (Tex. Civ. App.) 263 S. W. 1103; Danciger Oil & Ref. Co. v. R. R. Com. (Tex. Sup.) 56 S.W.(2d) 1075; Teer v. McGann (Tex. Civ. App.) 65 S.W.(2d) 362.

Reversed and dismissed.

### On Motion for Rehearing.

Since appellees do not controvert appellant's title to the land involved, and a reversal as to that portion of the judgment

might in the future cast some cloud upon its title decreed to it by the judgment of the trial court, we' have concluded that a better course would be to affirm said judgment in so far as it awarded title to appellant; but to reverse and dismiss said cause in so far as the questions of possession and rents for the year 1933 are concerned, those issues having become moot. Our former judgment herein is therefore modified so as to affirm the judgment of the trial court as to appellant's title to said land; but as to the issues of possession and rents the judgment of the trial court is reversed and dismissed. In all other respects appellant's motion for rehearing is overruled.

Granted in part and in part overruled.