**CULLEN et al. v. ELLIS COUNTY LEVEE IMPROVEMENT DIST. NO. 3.**

No. 1536.

Court of Civil Appeals of Texas. Waco.

Dec. 6, 1934.

McEntire, James & Clower, of Tyler, for plaintiffs in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendant in error.

GALLAGHER, Chief Justice.

This suit was instituted by the Ellis county levee improvement district No. 3, a conservation and reclamation district, duly organized under the Constitution and laws of this state, against L. J. Cullen and Pearsons & Taft, a corporation, to establish the amount of taxes duly levied, assessed, and unpaid against certain lands alleged to be owned by the defendants and to be situated within said improvement district; to establish a lien thereon to secure such taxes; and to foreclose the same. The parties will be designated as they were in the trial court. No personal judgment was sought against the defendants. Defendants denied that any taxes were properly levied by plaintiff against their lands and asserted affirmatively that the same had been fraudulently included within the original limits of said district, and that thereafter the commissioners court of said county had entered a valid and effective order excluding said lands therefrom. Defendants' prayer was that plaintiff take nothing by its suit. No affirmative relief of any kind was asked.

The issues of law and fact were submitted to the court and judgment rendered in favor of plaintiff for the aggregate sum of $1,728.10, the amount of taxes, interest, and penalties found by the court to be lawfully chargeable against said land, and ordering the sale of the same to satisfy such charge. No personal judgment was rendered against the defendants, or either of them. Said judgment was rendered February 24, 1933. An order of sale thereon was issued and placed in the hands of the sheriff on May 9, 1933, and by him duly levied on the lands described therein as the property of defendants on May 10, 1933. Said sheriff duly advertised the lands so levied upon for sale on the 6th day of June, 1933, in manner and form as provided by law. On said day he offered the same for sale to the highest bidder, and a representative of the plaintiff bid therefor a sum slightly in excess of the amount of the judgment, with legal interest thereon from the date thereof. Pending the execution of a deed conveying said lands to the purchaser, defendants paid to plaintiff the full amount of said judgment and no further proceedings were had.

Defendants thereafter, on August 2, 1933, filed their petition and cost bond for writ of error and plaintiff waived citation thereon. The transcript was filed in this court on September 9, 1933.

■■ Plaintiff contends that the payment of said judgment by defendants extinguished its claims and rendered the case moot. Courts are created not for the purpose of deciding abstract questions of law, but for the judicial determination of disputes between parties in relation to facts out of which controverted questions have arisen. Appellate courts have therefore consistently refused to declare the abstract rights of the parties to a dispute that has been settled by arrangement or otherwise disposed of by circumstances. Where no effective relief can be given the party complaining, the controversy has become moot. 3 Tex. Jur., p. 966, § 681; Id., p. 72 et seq., §§ 27 and 28; Padgitt v. Young County, 111 Tex. 98, 229 S. W. 459; Odem v. Cain (Tex. Civ. App.) 218 S. W. 1079. While, under the authorities above cited, this case has become moot, it does not necessarily follow that the appeal should be dismissed, as insisted by plaintiff. Were such order entered, the judgment of the trial court would thereupon become final and constitute an adjudication of the issues involved herein, binding on the respective parties. 26 Tex. Jur., p. 11 et seq., §§ 353, 354; Id., p. 23, § 357. In such cases the appellate court will ordinarily set aside the judgment appealed from and dismiss the action itself, so as to leave any subsequent litigation between the parties involving such issues unembarrassed by the former adjudication. 3 Tex. Jur., p. 967, 1st par.; McWhorter v. Northcut, 94 Tex. 86, 87, 58 S. W. 720; Riggins v. Richards, 97 Tex. 526, 80 S. W. 524; Danciger Oil & Ref. Co. v. Railroad Commission, 122 Tex. 243, 56 S. W. (2d) 1075; Lacoste v. Duffy, 49 Tex. 767, 769, 30 Am. Rep. 122; Oliver v. Freeland (Tex. Civ. App.) 74 S. W. (2d) 711; Gordon v. State, 47 Tex. 209; Wichita Falls Elec. Co. v. Huey (Tex. Civ. App.) 246 S. W. 692, 694, par. 1; Dallas Joint Stock Land Bank v. Dallas County Levee Improvement Dist. No. 9 (Tex. Civ. App.) 263 S. W. 1103, 1104, pars. 1 and 2; Street v. State Life Ins. Co. (Tex.

Civ. App.) 72 S. W. (2d) 702, 703; Teer v. McGann (Tex. Civ. App.) 65 S. W. (2d) 362, 365, par. 4; Dallas Joint Stock Land Bank v. Ray (Tex. Civ. App.) 71 S. W. (2d) 589, 591, par. 3; First Coleman Nat. Bank v. Whitfield (Tex. Civ. App.) 69 S. W. (2d) 819; Rodriguez v. Great Southern Life Ins. Co. (Tex. Civ. App.) 72 S. W. (2d) 376; Alejandrino v. Quezon, 271 U. S. 528, 46 S. Ct. 600, 70 L. Ed. 1071; Railroad Commission of Texas v. Mac-Millan, 287 U. S. 576, 53 S. Ct. 223, 77 L. Ed. 503.

The judgment of the trial court is set aside and the cause dismissed.