**VERNER et al. v. TOMLINSON.**

No. 5260.

Court of Civil Appeals of Texas. Amarillo.
Feb. 10, 1941.

T. L. Price and Joe S. Moss, both of Post, and Edgar E. Payne, of Levelland, for appellants.

Carl E. Ratliff, of Levelland, and Bradley & Wilson, of Lubbock, for appellee.

FOLLEY, Justice.

The appellant W. F. Verner, joined by his brother as his agent and by D. Makey, alleged to have been his tenant for the year 1940, filed this suit against the appellee, J. F. Tomlinson, in the nature of an action in trespass to try title to 160 acres of land in Hockley County, Texas, and also for possession thereof and damages to the premises. The appellee, who for several years prior to 1940 had been tenant on the land, disclaimed as to the title to the land but alleged an oral contract with W. F. Verner for the rental of the land for the year 1940. The rents and revenues from the land for 1940 or other years were not in controversy.

Upon the trial it was agreed by all the parties that W. F. Verner was the owner of the fee-simple title to the land, and that the right of possession for 1940 and damages sought by the appellant W. F. Verner were the only issues in the case. The cause was submitted to a jury upon a single issue which inquired if W. F. Verner rented the land to J. F. Tomlinson for the year 1940. This issue was answered in the affirmative. The appellants requested no issues relative to damages to the premises.

Upon the verdict of the jury the court rendered judgment for the appellant W. F. Verner for the title to the land, but decreed that the appellee was entitled to the possession thereof for farming purposes for the year 1940. All other relief prayed for by the parties was expressly denied by the court. From that portion of the judgment adjudging in appellee's favor the possession of the land for 1940 the appellants have prosecuted this appeal under a supersedeas bond. From the remainder of the judgment there is no appeal by any of the parties.

■ ■ Under the present record the only matter before us is that of possession of the land for the year 1940. The year 1940 having expired it is apparent the matter in controversy in this case has become moot and appellate courts will not review controversies which have for any reason ceased to exist. State v. Society for Friendless Children, 130 Tex. 533, 111 S.W.2d 1075; First Coleman Nat. Bank of Coleman v. Whitfield et ux., Tex.Civ. App., 69 S.W.2d 819; Hansen et al. v. Bacher, Tex.Com.App., 299 S.W. 225; Danciger Oil & Refining Co. of Texas v. Railroad Commission of Texas et al., 122 Tex. 243, 56 S.W.2d 1075; McWhorter v. Northcut, Mayor, et al., 94 Tex. 86, 58 S.W. 720; Robinson, Sheriff v. State ex rel. Eubank, 87 Tex. 562, 29 S.W. 649; Id., Tex.Sup., 29 S.W. 1063; Lacoste v. Duffy, 49 Tex. 767, 30 Am.Rep. 122; Gordon v. State, 47 Tex. 208; Dallas Joint Stock Land Bank et al. v. Dallas County Levee Imp. Dist. No. 9 et al., Tex.Civ.App.,

263 S.W. 1103; Teer et al. v. McGann et al., Tex.Civ.App., 65 S.W.2d 362.

■ The issue before us being moot, and in order to remove all question as to the effect of the judgment for possession as res adjudicata in any future controversy which may arise, the proper practice requires that we reverse that portion of the trial court's judgment relative to the possession of the land for 1940 and to dismiss such cause. In so doing, however, we do not want to be understood as disturbing in any manner that portion of the judgment in favor of W. F. Verner in regard to the title.

That part of the trial court's judgment as to the possession of the land for the year 1940 is reversed and dismissed.