**James J. O'CON, Appellant,**

v.

**Peter TORRES, Jr., et al., Appellees.**

**No. 14670.**

Court of Civil Appeals of Texas.

San Antonio.

June 5, 1968.

James G. Murry, San Antonio, for appellant.

Howard C. Walker, Crawford Reeder, Jackson C. Hubbard, San Antonio, for appellees.

CADENA, Justice.

Appellant, James J. O'Con, filed this suit to enjoin the City of San Antonio, its mayor, councilmen and city manager from attempting to enforce against him a city ordinance requiring all employers in the City of San Antonio to pay a minimum wage of $1.25 per hour to all of their employees. This appeal is from a judgment denying injunctive relief.

The ordinance as orginally enacted as a result of exercise by the citizens of San Antonio of the power of initiative con-

---

tained no exceptions. Since this case was heard below, the city council has adopted Ordinance No. 36432, establishing a rather elaborate scheme prescribing $1.25 as the minimum wage. Unlike the original ordinance challenged by appellant, the amendatory legislation exempts certain classes of workers from its provision and provides a penalty for failure to pay the minimum wage.

Appellant operates a beer lounge in the City of San Antonio. Under the original ordinance, which covered all employees within the City, he would be forced to pay his employees at least $1.25 an hour. The new ordinance, in addition to exempting certain workers, contains special provisions applicable to "tipped employees," who are defined in Section 2(G) as employees who customarily and regularly receive more than $20.00 per month in tips. While the new ordinance retains $1.25 per hour as the minimum wage which an employer may pay, Section 2(H) thereof provides that in determining the wages received by tipped employees the amount paid such employees by their employer "shall be deemed to be increased in the amount by which tips received by the employee exceed $20.00 per month."

Appellant's testimony establishes that, while he pays none of his employees more than $1.00 per hour, all of them receive tips which they are allowed to retain. At one point, appellant testified that, if the tips received and retained by his employees are taken into account, all of them earn at least $1.25 an hour. Under this testimony it is clear, since each employee works 48 hours per week, that each employee receives more than $20.00 per month in tips and is, therefore, subject to the special regulations applicable to tipped employees. In other portions of his testimony appellant stated that he did not know the amount which his employees received in tips. In any event, it is impossible to determine whether the ordinance, as amended, affects appellant's present operation in any way.

Patently, there has been a fundamental change in the original ordinance which appellant challenged by this litigation. As far as we can ascertain from the record, there is presently no ordinance which affects appellant. Under these circumstances, we have before us a moot case.

Since the case is moot, all orders entered herein by the trial court are set aside and the case is dismissed, without prejudice. Danciger Oil & Refining Co. of Texas v. Railroad Commission of Texas, 122 Tex. 243, 56 S.W.2d 1075 (1933).