# McAFEE et al. v. STAERKER.

## No. 5194.

Court of Civil Appeals of Texas. Texarkana.

March 24, 1938.

Samuel C. Harris, of Gladewater, and Leak & Burke, of Longview, for appellants.

Lee & Porter, of Longview, for appellee.

HALL, Justice.

The following statement of the nature of this case in appellants' brief is agreed to

by appellee, and will be adopted by this court:

"Appellee brought this action for a Writ of Mandamus to compel the Appellants to permit Appellee, to have access 'to said election returns, poll lists, and tally lists for the purpose of inspecting same; and that they be required to permit plaintiff to have access to same for the purpose of inspecting the same, and making copies therefrom;' The basis, as alleged, for such suit was:

" 'Plaintiff says that he was a candidate for the City Commission in said election and has reason to believe and so alleges that illegal votes were cast, permitted to have been cast by the election judges, and encouraged by said Archie J. Wood, individually and as Mayor. So believing, plaintiff is particularly interested in having access to said election returns, poll lists and tally lists for the purpose of ascertaining if such be true, and if so, he desires to contest such election and the time for notifying such persons as may be contested is limited to thirty (30) days from the date of canvassing the election, declaring the result and issuing certificates of office based thereon, and such time so limited plaintiff has no remedy save and except the relief hereinafter prayed be granted.'

"The Appellee, except for the foregoing, admits, that the City election was held according to the requirements of the law.

"Appellee's petition was filed on the 30th day of April, 1936, whereupon on the same date the Court issued its fiat as follows:

" 'The above and foregoing petition being presented to me, and it appearing to me, the undersigned Judge of such court, that the following order should be made, it is accordingly, on this the 30th day of April, 1936, ordered that the clerk of said court issue notice, with true copy of Plaintiff's petition attached, to such defendants wherein by quotation hereof, the said H. I. McAfee, individually and as City Secretary, and the defendant, Archie J. Wood, individually and as Mayor, shall be notified and they are hereby required and ordered, to appear before me at 11 o'clock A. M., May 4, 1936, at the Courtroom for civil business in the County Court House at Longview, at a hearing to be had upon such petition; and such defendants are hereby ordered and required, and in such notice shall be notified, to cause, allow and cause to be allowed the plaintiff to have access to the election returns, poll lists and tally lists of the election held in Gladewater on April 7, 1936, for the purpose of inspecting same and that said defendants, each, individually and in the official capacities, be and are hereby restrained from denying to plaintiff access to said election returns, poll lists and tally lists for the purpose of inspecting same, and making copies therefrom; that on hearing defendants show cause why a writ of mandamus should not be issued and cause to be allowed plaintiff access to such records and that they further show cause why injunction should not issue commanding the defendant, Archie J. Wood, individually and as Mayor, to return such election returns, polls, lists and tally lists to the defendant, H. I. McAfee, as City Secretary, and that he defendant, H. I. McAfee, be required to keep and preserve same in his office open to inspection by the public for twelve (12) months from the day of said election, and to further show cause why permanent injunction should not issue restraining each of said defendants, individually and in their official capacities, from destroying said election returns, poll lists and tally lists for a period of twelve (12) months from the day of said election. It is further ordered that originals of such notice and writ under seal of this court shall be served on each of the defendants and return made on a true copy thereof.

" 'Will C. Hurst,
" 'Judge of the 124th Judicial District Court, Gregg County, Texas.' "

Appellants answered with numerous pleas to the jurisdiction of the court, and in abatement, all of which were overruled by the trial court, and judgment was rendered for appellee for permanent injunction and mandamus against appellants, commanding them "to allow and cause to be allowed plaintiff (appellee, Otto Staerker) access to election returns, poll lists, and tally lists of and used in the election held in the City of Gladewater, April 7, 1936, for the election of a mayor and two councilmen," etc. Appellants filed their supersedeas bond in the amount fixed by the trial court and perfected their appeal to this court.

We are met at the outset by the suggestion of appellants that the questions involved in this case have become moot. With this we agree. The election sought to be investigated by appellee was held nearly two years ago, and it is now time to hold another. The orders of the lower court, which brought about this appeal,

have by their own terms long since expired. We perceive that there is now nothing before this court, the decision of which would, in the least, benefit either of the parties to this appeal; and any judgment entered by us would be futile.

Therefore, under the authority of McWhorter v. Northcutt, 94 Tex. 86, 58 S. W. 720, and Walker v. Hopping, Tex.Civ. App., 226 S.W. 146, this case is dismissed. Each party shall pay the cost incurred by him. Walker v. Hopping, supra, on motion for rehearing.