### JOSEPH FINGER, Inc., et al. v. WASHINGTON COUNTY.

#### No. 10870.

Court of Civil Appeals of Texas. Galveston.

July 27, 1939.

Jno. M. Mathis, of Brenham, and Rosser Thomas, of Houston, for appellants.

Richard Spinn and J. E. Weisler, both of Brenham, for appellee.

GRAVES, Justice.

This appeal by Joseph Finger, Inc., Joseph Finger individually and R. G. Schneider, appellants, against Washington County, appellee, is from an "in chambers" order of the District Judge of Washington County, as follows:

"On this the 21st day of October, 1938, in the above styled and numbered cause, came on to be heard and considered the petition for temporary injunction presented to me in chambers, in said cause on the 18th day of October, 1938—and pursuant to notice of hearing hereon, heretofore given by order made and attached to said petition on said October 18th, 1938, appeared the parties to this suit, plaintiffs and defendant, in person and by counsel, and upon consideration of the said petition and all pleadings presented to me, no testimony having been offered by either plaintiffs or defendant, it appearing to me that the plaintiffs are not entitled to the character of relief sought and prayed for, it is hereby ordered that the plaintiffs' petition and prayed for injunction therein be and is hereby denied.

"John H. Tate,
"Judge 21st Judicial District."

■ The appeal was prosecuted to this court pursuant to R.S.Article 4662 within the 20 days therein allowed, but, as its terms reflect, there was no provision in the order suspending its effect pending the appeal; hence it became operative at once after its entry on the 21st day of October of 1938.

The temporary injunction so sought by appellants, and denied, had theretofore, in an amended pleading, been petitioned for by them upon averments to the effect that they, as architects, had a valid and outstanding contract with the appellee, Washington County, employing them to serve as such architects in the building of a new courthouse for the appellee, which had then already been entered upon and was in the process of execution, and that the appellee was at that time—that is prior to October 21 of 1938—threatening to breach such pre-existing contract by employing other architects instead to do the same work for the County it had previously agreed for them to do; that their fee for such services had been fixed in such contract at six per cent of the contract-price of the building to be so erected, and that, should the appellee be permitted to carry out such threat and employ other architects in their stead, appellants would suffer damage in loss of profits

and injury to their reputations, in the sum of $25,000.

No motion was made to advance this hearing here, so that the cause has come on regularly for consideration on this, the 26th day of July, 1939; meanwhile, by evidence presented to this court, it has been made to undisputedly appear of record that on November 7 of 1938, following such refusal by the trial Judge of the prayed-for temporary injunction on October 21 of 1938, the appellee had entered into a contract employing Hedrick & Lindsley, Inc., and Travis Broesche, as other architects, to prepare the plans and specifications for a new courthouse for it; that, pursuant thereto, work upon the construction of the court-house under the supervision of such other architects had been begun in January of 1939, under building contracts providing for its completion within 300 days, which construction work, had, since that beginning, been so prosecuted that the building is now well-nigh completed, except for the details and finishing work.

■ Under the facts stated, it is obvious that there now at this late date remains no actual controversy on the merits of this cause for temporary restraint that this court can properly adjudicate; that the declared-upon threat of the County to so supplant the appellants with other architects, which was the sole ground alleged for the coveted writ—assuming that it had been made in all respects as contended for—has already been carried out; so that, no forward-looking writ of this Court could reach it. City of West University Place v. Martin, Tex.Sup., 123 S.W.2d 638, 639. Our Supreme Court, in declaring just such a controversy moot in the Martin case, supra, said: "This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject-matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain." Numerous authorities are cited.

Without further discussion, it follows from these conclusions that this cause—having thus become moot—should be dismissed; it will be so ordered.

Cause dismissed.