## SMITH v. HORTON.

### No. 10794.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 4, 1939.

L. B. Cooper, of Cotulla, for appellant.

H. D. Barrow, of Jourdanton, and Walter Stout, of San Antonio, for appellee.

SMITH, Chief Justice.

At the May, 1939, term of the District Court of Atascosa County, said County obtained a judgment against D. V. Smith and others, establishing and foreclosing a vendor's lien and deed of trust lien upon certain real estate situated in La Salle County. In due course execution and order of sale was issued upon said judgment and placed in the hands of Jack Horton, constable of precinct No. 6, in La Salle County, in which the land was situated. Also in due course Horton, as such constable, levied upon the land and advertised the same for sale, under and by virtue of said execution and order of sale, on October 20, 1939.

In the meantime, on October 2nd, the said D. V. Smith, owner, of the land, filed his application, in the District Court of La Salle County, for temporary injunction restraining Horton from selling the land as advertised. The District Judge granted a temporary restraining order prohibiting the sale pending a hearing for temporary injunction. The hearing was had on Oc-

tober 20th, and as a result the District Judge dissolved the temporary restraining order, and refused to grant a temporary injunction. Smith appealed from that order, and the appeal is now before this Court under an order advancing submission thereof.

This appeal is prosecuted upon the sole contention that Horton had moved out of precinct No. 6, thereby vacating his office of constable of that precinct and voiding his acts in attempted execution of the order of sale. No question is raised as to the validity of the judgment of foreclosure, of of the execution and order of sale, or of the regularity of the notice of sale under which Horton was proceeding. It is contended, simply, that Horton had vacated his office by moving out of the precinct, and that therefore he had no authority to advertise or make the sale.

It is undisputed that Horton was first elected and qualified and assumed to thereafter act as constable of said precinct eight or nine years ago, and had been regularly reelected thereto and regularly and timely qualified and assumed his duties as such following each succeeding election thereafter, and, particularly, that he was reelected at the general election in 1938, and qualified and assumed his duties thereunder, as provided by law, in January, 1939. The record further shows that throughout all those years he had regularly performed his duties as constable down to and including the duty of levying upon the land and advertising the sale thereof in this case.

The trial judge found that Horton had resided in San Antonio and Laredo during the preceding eighteen months, and was a resident of Laredo at the time of this hearing. But the evidence conclusively showed that while he spent a great deal of his time outside his precinct, in pursuit of his occupation, he spent much, if not most, of this time in the precinct, where his household effects were kept and used; that throughout the entire period he had paid his poll tax and voted as a resident of his precinct, and had performed whatever official duties were incumbent upon him as constable, thereby confirming his expressed intention of holding, and not abandoning or vacating, his office.

The trial court held, and based his decree denying the injunction solely thereon, that Horton's authority to act as constable in the transaction could not be questioned in this collateral proceeding, but only by quo warranto.

It is conceded that appellant was duly elected and qualified, and was acting in this proceeding, as constable of the precinct in which he was purporting to perform the official duty of executing the admittedly valid order of sale, and that he had neither resigned nor been removed from the office, but had continuously performed such official duties as devolved upon him, and there is no contention, nor any evidence, that he intended to vacate the office.

In this state of facts appellant's right, authority and duty to execute the admittedly valid order of sale in this case was conclusive, and injunction will not lie to restrain him from performing the duty thus imposed upon him by law. Under these facts he is not only constable de facto, but he is such de jure. In either capacity, and equally in both capacities, his right and authority to perform this or any other lawful duty of the office cannot be questioned in this collateral proceeding to enjoin him from performing a particular duty pertaining to his office. 34 Tex. Jur. p. 629, § 171; Aulanier v. The Governor, 1 Tex. 653, 667; Williams v. Castleman, 112 Tex. 193, 247 S.W. 263; Broach v. Garth, Tex.Civ.App., 50 S.W. 594; Graves v. Griffin O'Neil & Sons, Tex.Civ. App., 189 S.W. 778; Barrett v. Tatum, Tex.Civ.App., 66 S.W.2d 444.

Applying the rule to the case stated, appellant having been duly elected and qualified, and not having resigned or been removed after properly assuming the office, and having performed all such duties up to the time this suit was brought, he was an officer de jure as well as de facto, and his authority to perform the questioned act cannot be enjoined in this collateral proceeding. The trial court therefore properly denied the injunction.

The relief prayed for by appellant was effected by the temporary restraining order, whereby the threatened sale on October 3rd. was averted, and the subsequent appeal from the later order dissolving the restraining order and denying the injunction had no other effect than to present to this Court a prayer for relief which had been fully and finally effectuated by the temporary restraining order issued below. That is to say, the relief sought in the application below was to prevent the con-

stable from offering for sale, or selling, the land involved on October 3rd. That relief was fully effectuated by the restraining order issued on October 2nd, whereby nothing further remained to be done in the litigation, and the questions involved therein became moot. For a like reason, the matters presented in the appeal are moot, and this Court may not concern itself therein, and the only order this Court may make is to set aside the order appealed from, and dismiss the cause from this Court and the trial court as well, insofar as appellant prays for temporary injunction. Spencer v. Steele et al., Tex.Civ. App., 132 S.W.2d 146.

After the attempted appeal was perfected, appellant filed his original application in this Court to temporarily restrain appellee from selling the land December 5, in pursuance of notice posted by appellee after the action of the trial court in the proceeding there. In view of this development we have deemed it not inappropriate to express the views of this Court upon the issues involved for the guidance of the court below in event of further efforts to litigate the subject matter.

The judgment of the trial court will be vacated, and the cause dismissed from both courts.