## CONTINENTAL PIPE LINE CO. v. GANDY.

### No. 10860.

Court of Civil Appeals of Texas. San Antonio.

July 17, 1940.

Temporary injunction dissolved, and cause in so far as plaintiff prayed for temporary injunction dismissed.

Burney Braly, of Fort Worth, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellant.

Keys & Holt, of Corpus Christi, for appellee.

SMITH, Chief Justice.

Appellee, W. S. Gandy, brought this action for a temporary injunction, and for perpetual injunction on final hearing, restraining appellant, Continental Pipe Line Company, from constructing, maintaining and operating a telephone line along a public highway traversing appellee's land in Nueces County.

It appears from the record that appellant is a common carrier of petroleum products by pipe line, under authority of the statute, and under like authority sought to erect and operate said telephone line. Arts. 6018, 6019, 6020, R.S.1925. The trial court granted the temporary injunction, which was superseded, and ordered the injunction suspended pending this appeal.

We are of the opinion that the subject matter of this suit, to-wit: appellee's cause of action for temporary injunction, no longer exists, and that the questions involved therein have become moot, in that it appears from the record that the telephone line in question has been fully completed and is now in operation. It is true, the questions of the character of the highway occupied by appellant's utility, the nature of appellee's estate in the land occupied by the highway and appellant's utility, and the question of damages have not been adjudicated, but insofar as those questions are still in the case they are to be settled in a trial of the lawsuit on its merits.

The preliminary question, however, of whether appellant shall or shall not construct its telephone line and put it in operation is no longer a live subject of controversy, since those acts have been actually consummated, and are existing facts and this Court may not now, in this proceeding for temporary injunction, say whether those acts were wrongfully committed.

It appears that the proper order to enter in this Court in such case is one dissolving the injunction and dismissing the cause insofar as appellee prays for a temporary injunction, and it is so ordered, at the cost of appellee, who was plaintiff below. Service Finance Corp. v. Grote,

133 Tex. 606, 131 S.W.2d 93; University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94; Tritico v. Texas Liquor Control Board, 133 Tex. 388, 128 S.W.2d 379; Spencer v. Steele, Tex.Civ.App., 132 S.W.2d 146.