**CORPUS CHRISTI DEVELOPERS, Inc. et al., Appellants,**

v.

**James R. CHILES, Appellee.**

**No. 12822.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1955.

I. M. Singer, Ellis M. Brown, Keys, Russell, Keys & Watson, Corpus Christi, for appellant.

North, Blackmon & White, Corpus Christi, for appellee.

## PER CURIAM.

This suit was brought by Corpus Christi Developers, Inc., against James R. Chiles, seeking a temporary restraining order, a temporary injunction and, on final hearing, a perpetual injunction restraining him from erecting a building or structure, at or near the intersection of McArdle Road and Edith Street, just outside the city limits of Corpus Christi, to be used as a "Drive-In" retail establishment for the sale of beer and other merchandise.

The trial court granted a temporary restraining order operative until September 24, 1954, and set the matter of a temporary injunction down for a hearing on that date. On September 20, 1954, defendant filed a motion to vacate and a hearing was begun on September 21, 1954.

Another suit had been instituted by Jimmie Darst, Reverend E. M. Bynum and Dr. D. Alfred DeShong, for themselves and as representatives of the residents of Lincoln Terrace, seeking an injunction against James R. Chiles, prohibiting him from selling beer at the proposed "Drive-In." This suit was consolidated with the suit instituted by Corpus Christi Developers, Inc. The City of Corpus Christi was permitted to intervene.

The trial court granted a temporary injunction to Jimmie Darst et al., among other things, prohibiting the defendant, James R. Chiles, from selling beer at his proposed "Drive-In." No appeal was taken from this part of the judgment, and it is therefore in all things affirmed.

The trial court denied to both Corpus Christi Developers, Inc., and intervener, City of Corpus Christi, a temporary injunction restraining defendant, James R. Chiles, from erecting the structure or house to be used as a "Drive-In." From this part of the order Corpus Christi Developers, Inc., and the City of Corpus Christi have prosecuted this appeal.

This cause was set for submission and oral argument in this Court on February 15, 1955, and during such oral argument both counsel for appellants and appellee freely admitted, in open court, that James R. Chiles has now completed the construction of his "Drive-In," which construction appellants were seeking herein to prevent. It thus becomes apparent that appellants' applications for temporary injunction are now moot. Appellants' applications for temporary injunction had for their only purpose the preventing of the construction of a house which is now fully built and completed. This Court cannot now, by the granting of a temporary injunction, prevent the doing of that which has already been done. Joseph Finger, Inc., v. Washington County, Tex.Civ.App., 131 S.W.2d 323; Smith v. Horton, Tex.Civ. App., 134 S.W.2d 320; Continental Pipe Line Co. v. Gandy, Tex.Civ.App., 142 S.W. 2d 631; Hulett v. West Lamar Rural High School Dist., 149 Tex. 289, 232 S.W. 2d 669; Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863; 3-B Tex.Jur. 220, Appeal & Error Civil Cases, § 822.

Accordingly, the order of the trial court, insofar as it relates to appellants' applications for temporary injunction against appellee, will be vacated, and that part of the cause of action will be dismissed at appellants' cost as being moot, without prejudice to that part of the order not appealed from, granting Jimmie Darst et al., a temporary injunction, and without prejudice to any part of the cause of action remaining on the docket of the trial court.