**Joe L. HILL, Appellant,**

v.

**Robert S. CALVERT, State Comptroller, Appellee.**

**No. 10513.**

Court of Civil Appeals of Texas. Austin.

Nov. 6, 1957.

Rehearing Denied Dec. 11, 1957.

Joe L. Hill, Austin, pro se.

Will Wilson, Atty. Gen., C. K. Richards, W. V. Geppert, Asst. Attys. Gen., for appellee.

HUGHES, Justice.

Joe L. Hill, a taxpayer of the State of Texas, sued Robert S. Calvert, Comptroller of Public Accounts of the State of Texas, to restrain him from issuing warrants drawn on the Treasurer of Texas in payment "* * * for items of household furniture and furnishings for the personal use and benefit of the Lieutenant Governor of Texas and the Speaker of the House of Representatives of Texas in housekeeping apartments used and occupied by these officials and their families as places of residential abode in the Capitol Building of the State of Texas" and to restrain him from issuing similar warrants "in payment for services of domestic servants engaged in rendering service of a personal nature as maids, cooks and nurses for the Lieutenant Governor and the Speaker of the House of Representatives, and their respective families."

A plea to the jurisdiction and a plea in abatement filed by Mr. Calvert was sustained to the extent that the State was a necessary party to this suit and consent to sue the State had not been obtained. Appellant not seeking to amend, his suit was dismissed.

Appellee has filed a sworn motion to dismiss this appeal in which he states that "this appeal is moot by reason of the fact that each and every warrant that the appellant is seeking to enjoin the appellee from issuing has in all things been issued and have in all things been paid by the State Treasury."

Appellant has controverted this motion by a sworn denial in which he states that the above statement of appellee is "false".

Rule 406, Texas Rules of Civil Procedure, pertaining to this Court, provides that:

"Motions made either to sustain or defeat the jurisdiction of the court, dependent on facts not apparent in the record and not ex officio known to the court, must be supported by affidavits or other satisfactory evidence."

Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676, holds it to be our duty to determine an issue made under Rule 406.

This suit was filed April 25, 1957. Motion to dismiss the appeal was filed August 23, 1957, and appellant's sworn denial was filed October 8, 1957. It seems, to us, most unlikely that accounts of the nature here involved would be unpaid by the State as late as October. Mr. Calvert has sworn that specific warrants have been issued. These are facts which he knows first hand of his own knowledge. Appellant's general denial of these matters is, at best, based on second hand information. We believe he should have furnished us with affidavits from creditors denying payment or the issuance of warrants for the items in controversy.

We resolve the issue of fact tendered in favor of appellee.

Since no actual controversy now exists between the parties the case is moot. Travis County v. Matthews, Tex.Civ.App. Austin, 221 S.W.2d 347.

Since the judgment appealed from was one of dismissal we affirm the judgment with the qualification that such judgment is without prejudice to the rights of ·either party hereto. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863.

Affirmed.