Thomas E. HAND, Jr. et al., Appellants,

v.

STATE of Texas ex rel. Mrs. Virginia YELKIN et al., Appellees.

No. 13795.

Court of Civil Appeals of Texas.

Houston.

June 15, 1961.

and M. K. Woodward, Austin, and Barrow, Bland & Rehmet, David Bland, Houston, for appellees.

WERLEIN, Justice.

This is an action in quo warranto by the County Attorney of Harris County, Texas, upon relation of Mrs. Virginia Yelkin, a feme sole, individually and as the community survivor of the estate of her husband, Raymond T. Yelkin, Deceased, and others, hereinafter called relators. From the judgment of the trial court upon a jury verdict, decreeing that appellants, Thomas E. Hand, Jr. et al., be ousted from the offices of directors of Columbia General Life Insurance Company, and that relators, Mrs. Virginia Yelkin et al., are entitled to possession of such offices as the legally elected directors of Columbia General Life Insurance Company at the annual meeting of stockholders held March 10 and 11, 1959, appellants have perfected their appeal to this Court.

Pending this appeal, relators filed herein as an original proceeding a complaint of contempt and application for temporary restraining order and for temporary injunction, against The Bank of The Southwest National Association, Houston, and others, to enjoin them from voting their stock and proxies at an annual stockholders meeting called for March 14, 1961 but postponed by this Court until March 28, 1961. This Court denied injunctive relief. See State ex rel. Yelkin v. Hand, Tex.Civ.App. 344 S.W.2d 467.

Bracewell, Reynolds & Patterson, Joe H. Reynolds and William Key Wilde, Bell & Singleton, Chas. W. Bell, Butler, Binion, Rice & Cook, Fletcher H. Etheridge, Houston, for appellants Thomas E. Hand, W. W. Hand, Thomas E. Hand, Jr., J. Ed Eisemann, III, Joe H. Reynolds, Wylie W. Vale, Donald V. Weber, Jimmie A. Crum, E. T. Criddle, II and Alvin A. Cherry.

Joseph G. Resweber, County Atty., Houston, Graves, Dougherty, Gee & Hearon,

Appellants have filed herein a motion to dismiss this case, setting out that subsequent to the action of this Court refusing to grant such injunction, the Bank of The Southwest National Association, Houston, and other stockholders not enjoined by orders of the trial court, had, pursuant to the Insurance Code of the State of Texas and the By-laws of the Company, elected as directors at an annual stockholders meeting held on March 28, 1961, persons not parties to this law suit, and that by reason

74

of said election of new directors the entire law suit has become moot, and in its entirety should be dismissed.

Relators admit that an election was held on March 28, 1961, as stated in the affidavit attached to appellants' motion to dismiss, but do not admit the legality or validity of such action. They further admit that if the election of directors on March 28, 1961 was legal and valid in all respects, the private contest between the parties to this suit for the right to the possession of such offices is now moot, except for a suit for damages for the emoluments of such offices, and except insofar as the case may involve a question of substantial public interest.

Relators also assert that this cause is not moot under Article 6257, Vernon's Ann.Texas St., since the court in addition to giving a judgment of ouster against a person or corporation adjudged guilty of usurpation, may fine such person or corporation for usurping, intruding into or unlawfully holding and executing such office and franchise and shall give judgment in favor of the relator for the costs of the prosecution.

Relators do not, however, in their amended petition, upon which the case went to trial, ask for salary, fees, or emoluments of office, or that appellants be fined or that relators recover attorney's fees or costs of prosecution other than court costs. The judgment of the court entered does not award relators any emoluments, nor does it fine anyone, nor does it adjudge against appellants costs of prosecution other than court costs. Relators have not excepted to such judgment or filed a motion for new trial, nor in any way complained that the trial court erred in not finding appellants or in not giving judgment in favor of relators for attorney's fees and costs of prosecution.

There is nothing before this Court, therefore, other than the judgment of ouster and the placing of relators in possession of the positions of directors. Since new directors other than relators and appellants have been elected and qualified and are now acting, the only issues involved in this case have become moot, and hence the suit must be dismissed. McWhorter v. Northcutt, 94 Tex. 86, 58 S.W. 720; Griffith v. State ex rel. Ainsworth, Tex.Civ. App.1920, 226 S.W. 423; Freeman v. Burrows, 1943, 141 Tex. 318, 171 S.W.2d 863; Hulett v. West Lamar Rural High School Dist., 1950, 149 Tex. 289, 232 S.W.2d 669. "Under such circumstances an appeal will not be entertained, merely to determine a question of costs." Robinson, Sheriff v. State, ex rel. Eubank, 1895, 87 Tex. 562, 29 S.W. 649, 650; Lacoste v. Duffy, 1878, 49 Tex. 767.

The law is well settled in Texas that when a case becomes moot on appeal, the appellate court sets aside all previous orders and dismisses the case and not merely the appeal. Texas Foundries v. International Moulders & F. Workers, 1952, 151 Tex. 239, 248 S.W.2d 460. In this respect the law of Texas is apparently different from the law in the State of Illinois as enunciated in the case of People ex rel. Courtney v. Botts, 1941, 376 Ill. 476, 34 N. E.2d 403, 134 A.L.R. 983, on which relators rely.

We think the evidence adduced on the injunction hearing sufficiently establishes that there was no concert of action between appellants and the other stockholders not parties to this litigation. Therefore, relators' complaint of contempt is dismissed.

The Trial Court's orders in this case are set aside and the case is dismissed without prejudice to any other action or suit relators may have with respect to emoluments of office. All costs of court both in the Trial Court and this Court are taxed against appellants.

Case dismissed.