**W. Howard LEE, Relator,**

v.

**Hedy Lamarr LEE et al., Respondents.**

No. 13973.

Court of Civil Appeals of Texas.

Houston.

March 15, 1962.

Butler, Binion, Rice & Cook, Jack Binion, Fletcher H. Etheridge, Houston, for relator.

Fred Parks and Donn C. Fullenweider, Houston, for respondents.

BELL, Chief Justice.

This is an original proceeding for an injunction to restrain Respondents from taking certain depositions pending the disposition by this Court of the merits of the appeal in Cause No. 13968 pending in this Court. The appeal in that cause is from the action of the 133rd District Court in dissolving a temporary injunction that had theretofore been issued by the 113th District Court restraining the taking by Respondents of the depositions of Relator and others.

Relator and Respondent, Hedy Lamarr Lee, were divorced in Harris County. The judgment in the divorce suit has become final. Mrs. Lee, through her attorneys, in May of 1961, filed a statement pursuant to Rule 187, Texas Rules Civ.Proc., giving notice of her intention to apply for com-

missions to take the depositions of Relator, Mrs. Gene Tierney Lee, Relator's wife, Gordon Edge, Donna Lee, James Stephens, Frank Knapp, Willard B. Shuart, Sylvia Hollis, William E. Stein, James B. Radetsky, Jack Okin, Annette Gillespie Phair and Mrs. Hedy Lamarr Lee. Relator filed suit asking that Respondents be enjoined from taking such depositions to perpetuate testimony to be used in a lawsuit Respondent Hedy Lamarr Lee anticipated filing. We need not here notice all the grounds set up but substantially the basis of the injunction suit was that the statement of Respondents as to the purpose of the depositions was not sufficiently made and that the statement was not made in good faith. As above stated, a temporary injunction was granted, but after Respondents had amended their statement pursuant to leave granted by the court, and after hearing on a motion to dissolve the temporary injunction, the injunction was dissolved. Relator appealed from such action and has perfected his appeal to this Court. He did not apply to the trial court for an order suspending the order of dissolution, which is authorized by Rule 385, T.R.C.P. and Article 4662, Vernon's Ann.Civ.Tex.St.

After the order dissolving the temporary injunction, Respondents took out a commission to take the deposition of James Stephens

We are asked to enjoin Respondents from taking the depositions of the above named parties pending the disposition of the appeal by the appellate courts on its merits in order to protect the jurisdiction of this Court to pass upon the merits.

■ We have jurisdiction to grant such writs as may be necessary to enforce or protect our jurisdiction over a pending appeal. Article 1823, V.A.T.S.; Lowe and Archer, Injunctions and Other Extraordinary Proceedings, Sec. 301, pp. 294–296; Weart v. Mahone, Tex.Civ.App., 176 S.W. 2d 197, 204; Madison v. Martinez, Tex. Civ.App., 42 S W.2d 84, 86 (C.C.A.);

Moore v. McLennan County, Tex.Civ.App., 275 S.W. 478, 479; and Gibbons v. Ross, Tex.Civ.App., 167 S.W. 17, 19.

■ The subject matter of the appeal in a temporary injunction proceeding is whether the trial court abused its discretion in granting or refusing a temporary injunction or in dissolving one previously granted. The sole relief sought in the court was an injunction to prevent the taking of depositions. If the depositions are taken pending appeal, the appeal will become moot. Corpus Christi Developers v. Chiles, Tex.Civ.App., 275 S.W.2d 700. The taking of the depositions will destroy the subject matter of the appeal. Lowe and Archer, Injunctions, etc., Sec. 301.

We cannot agree that there is anything in Rule 385, T.R.C.P. or Article 4662, V.A.T.S., requiring Relator to resort to the trial court for the suspension of his order where, as here, the purpose of injunctive relief is to preserve the jurisdiction of this Court. Madison v. Martinez, supra.

Injunctions in situations the same in principle as we have here have been granted in all of the cases first above cited by us in order to preserve the jurisdiction of the Court of Civil Appeals.

The cases cited by Respondents are deemed by us to be inapplicable. They were all cases where the petitioner sought an injunction solely to prevent damage to himself pending appeal. Of course, this Court in such situation could not grant such relief. Madison v. Martinez, supra.

The petition for the injunction as prayed for will be granted. Respondents and each of them are enjoined pending the decision by this Court of the merits of the appeal in Cause No. 13968, from taking the deposition of any of the parties named in the second paragraph of this opinion. The injunction will remain in full force and effect until such time as the Supreme Court of Texas should act

on any application for writ of error that might be filed by such of the parties to the appeal as might be dissatisfied with the ruling we finally make on the merits. If no such application for writ of error is filed within the time prescribed by law, it shall remain in effect until our judgment on the merits of the appeal is carried into effect by the trial court.

We have not considered the merits of the appeal and nothing said by us should be construed as any indication as to our views on the merits of the appeal. The sole purpose of the injunction is to preserve our jurisdiction over the appeal.

No motion for rehearing will be entertained.