Ray Houston GREENE, Appellant,

v.

E. R. Bob GREGG, Jr., Appellee.

No. 811.

Court of Civil Appeals of Texas, Tyler.

March 6, 1975.

Hollie G. McClain, Welby K. Parish, Gilmer, for appellant.

Stone & Stone, William Emerson Stone, Jr., Jacksonville, for appellee.

DUNAGAN, Justice.

The appellant, Ray Houston Greene, and appellee, E. R. Bob Gregg, Jr., both were candidates for the office of Member, State Board of Education for District One. Both announced their candidacy and followed the necessary steps to allow their names to appear on the ballots in the counties comprising the district. For some unknown reason, neither party's name appeared on the ballots in Rains and Hunt County, a portion of each county lying within District One. In Wood County, in addition to the names of the appellant and appellee, the place of residence of each was shown. In Cherokee County, the "Jr." was left off appellee's name.

The appellant, Ray Houston Greene, received 2683 votes more than the appellee, E. R. Bob Gregg, Jr., in the primary election held on May 4, 1974.

Appellee filed a suit in the Second Judicial District Court in and for Cherokee County, Texas, on the 13th day of May, 1974, and asked that the election be held to be void because of the defective ballots. We also asked for a temporary restraining order to restrain the State Democratic Executive Committee of the Texas Democratic Party from certifying the returns for the position of member of the State Board of Education for District One. The appellee further asked that the court order a new election to be held on June 1, 1974, for District One of the State Board of Education and that the ballots contain the names of both the appellant and appellee in the manner in which they both filed for nomination and without any listing of the counties of their residence.

The trial court set the hearing on the temporary restraining order on the 23rd day of May, 1974, at 10:00 o'clock A.M. The State Democratic Executive Committee filed a handwritten answer. The appellant filed his plea of privilege, plea in abatement, special exceptions and answer. The parties appeared on the 23rd day of May and all agreed that the temporary restraining order be continued until a future date. The appellee filed his controverting plea under oath, which was set for hearing

on the 27th day of June. All parties appeared on this date and entered into an agreement that a new election would be held on September 7, 1974, which the court approved and incorporated as part of the judgment dated June 28, 1974.

The Texas Democratic Party on the 23rd day of July, 1974, filed a motion to modify the judgment by changing the date of the election from September 7 to August 31. The motion for modification was set for hearing on the 25th day of July, on which date the appellant appeared in person and with his attorney and the Texas Democratic Party appeared by and through its attorney. The appellee, by way of a letter, announced to the court that he had no objection to the change. The appellant announced to the court that since he had had so short a notice of the hearing, that his attorney did not have time to prepare written pleadings and his position was orally stated to the court. The appellant refused to agree to any change in the June 28, 1974, agreed judgment. The court proceeded to hear the matter and upon conclusion announced that it was modifying the agreed judgment, and on the 29th day of July entered an order to that effect. The appellant in open court objected to the court's ruling and gave notice of appeal to this court.

At the outset we are faced with appellee's contention that this case is moot because the election was held on August 31, 1974, and the appellee was certified by the Texas Democratic Party as the winner of that election and as a nominee of the Texas Democratic Party for the general election held on November 5, 1974. Appellee was further certified on November 22, 1974, as the duly elected member of the State Board of Education for District One. Appellee has qualified and is now acting in such capacity. Upon oral argument appellant conceded that the case was moot. However, the appellant urges this court to write on the questions raised in his brief due to the importance of such questions.

■ Realizing the importance of the questions appellant has raised, we have made a diligent and careful research of the legal authorities to ascertain if we can write on the merits of a case that is moot. From our research of the law it becomes apparent that we cannot. Travis County v. Matthews, 221 S.W.2d 347 (Tex.Civ.App., Austin, 1949, n. w. h.); City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638 (1939).

■■ A case becomes moot when it appears that one seeks to obtain a judgment upon some alleged controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. McNeil v. Hubert, 119 Tex. 18, 23 S.W.2d 331 (1930); Swank v. Sharp, 358 S.W.2d 950 (Tex.Civ.App., Dallas, 1962, n. w. h.); Stephenson v. State of Texas, 515 S.W.2d 362 (Tex.Civ.App., Dallas, 1974). After the 1974 general election, the question as to who was nominated for the position on the State Board of Education for District One became moot. Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632 (1946); Caldwell v. Shearer, 158 S.W.2d 850 (Tex.Civ.App., San Antonio, 1942, n. w. h.); 21 Tex.Jur.2d p. 346, sec. 100. Since no actual controversy now exists between the parties, the case is now moot. Hill v. Calvert, 307 S.W.2d 618 (Tex.Civ. App., Austin, 1957, n. r. e.).

■ The law is well settled in this state that courts are created not for the purpose of deciding abstract questions of law or rendering advisory opinions, but for the judicial determination of presently existing disputes between parties in relation to facts out of which controverted questions arise. McNeill v. Hubert, supra; Swank v. Sharp, supra, and 1 Tex.Jur.2d p. 516, sec. 11. It is further settled that appellate courts will not review judgments if the controversy between the parties has terminated, as such cases are moot. Isbell

 

v. Rednick, 193 S.W.2d 736 (Tex.Civ.App., Waco, 1946, n. w. h.); State v. Society for Friendless Children, 130 Tex. 533, 111 S. W.2d 1075 (1938); Finger, Inc. v. Washington County, 131 S.W.2d 323 (Tex.Civ. App., Galveston, 1939, n. w. h.). This court cannot now prevent that which has already been done. Corpus Christi Developers v. Chiles, 275 S.W.2d 700 (Tex.Civ. App., San Antonio, 1955, n. w. h.). Nor are our courts authorized to give an advisory opinion. Carney v. Sam Houston Underwriters, 272 S.W.2d 942 (Tex.Civ.App., Austin, 1954, n. r. e.).

The questions of whether the trial court did or did not have authority to change the agreed date of the election from September 7th, 1974, to August 31, 1974, or the authority to originally set the second election on August 31, 1974, are no longer live subjects of controversy since appellee was certified as a democratic nominee of the Democratic Party for the position now in dispute and later duly certified by the Secretary of State as the elected member for such position at the general election. Continental Pipe Line Co. v. Gandy, 142 S.W. 2d 631 (Tex.Civ.App., San Antonio, 1940, n. w. h.); Cooper v. Milam, 256 S.W.2d 196, 201 (Tex.Civ.App., Waco, 1953, n. w. h.).

Where a controversy becomes moot while a cause is pending in an appellate court, so that no effective relief can be given to either party to the appeal, it is the duty of the appellate court to vacate the proceeding out of which the controversy arose, reverse the judgment of the trial court and dismiss the asserted cause of action. Isbell v. Rednick, supra; Taylor v. Nealon, 132 Tex. 60, 120 S.W.2d 586 (1938).

For all the reasons above stated, the judgment of the trial court in this cause is reversed and set aside, and the cause, as well as the appeal, is dismissed without prejudice to the rights of any party hereto. Hand v. State of Texas, 348 S. W.2d 72 (Tex.Civ.App., Houston, 1961, n.

w. h.); Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943). Since this case became moot while on appeal, the cost of court incurred in both the trial and appellate court by each party should be taxed against the party that incurred such cost. Texas Alcoholic Beverage Commission v. Carter, 476 S.W.2d 864 (Tex.Civ.App., Fort Worth, 1971, writ ref'd., n. r. e.); Hinojosa v. Garcia, 260 S.W.2d 711 (Tex. Civ.App., San Antonio, 1953, n. w. h.); Texas Liquor Control Board v. Warfield, 123 S.W.2d 979 (Tex.Civ.App., Waco, 1939, n. w. h.); McAfee v. Staerker, 116 S.W.2d 789 (Tex.Civ.App., Texarkana, 1938, n. w. h.); Isbell v. Rednick, supra, and Walker v. Hopping, 226 S.W. 146, 150 (Tex.Civ.App., Amarillo, 1920, n. w. h.).