**LOVE et al. v. GRIFFITH et al.	(No. 8091.)***

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1921. Rehearing Denied Jan. 12, 1922.)

1. **Appeal and error ⬳781(4)—Moot questions not considered.**

An appeal by plaintiffs, in an action to restrain election judges from denying plaintiffs' right to vote in primary election, will be dismissed, where it appears that the election has been held and it is impossible to grant the relief sought, the subject-matter of the suit having in effect ceased to exist, even though the question of the constitutionality of the statute, under which a rule denying plaintiffs the right to vote was promulgated, is involved.

2. **Constitutional law ⬳46(1)—Constitutionality not inquired into unless concrete right is affected.**

The constitutionality of a statute will not be inquired into by the courts unless the petition by which the question is presented shows that the statute affects some concrete right of the complainant.

3. **Appeal and error ⬳781(1)—Appeal not entertained solely to determine question of costs.**

The subject-matter of a suit having in effect ceased to exist, the question of costs alone is not sufficient to require appellate court to entertain an appeal.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 1, 1922.

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Suit by C. N. Love and others against James S. Griffith and others. Judgment for defendants, and plaintiffs appeal. Appeal dismissed.

R. D. Evans, of Waco, for appellants.

PLEASANTS, C. J. This appeal is from a judgment of the court below sustaining a general demurrer to the plaintiffs' petition in a suit brought by appellants against the appellees.

Appellants, C. N. Love and five others, all of whom are colored citizens of the city of Houston, and qualified voters of the city under the Constitution and laws of this state, brought this suit against the appellees, the Democratic Executive Committee, and the election judges for the city Democratic primary election at all of the voting boxes of the city, to restrain the defendants from denying plaintiffs the right to vote in a Democratic primary election called to be held in said city on February 9, 1921, for the purpose of nominating Democratic candidates for election to the office of mayor and members of the city council, or board of city commissioners.

The petition alleges, in substance, that the Democratic Executive Committee had passed a resolution or adopted a rule restricting participation in said primary election to white voters and directing the election judges to deny to any colored voter the right to vote in said election. This resolution or rule of the committee is attacked on the ground that it deprives plaintiffs of rights guaranteed to them under the federal and state Constitutions, and the laws of this state, and the enforcement of the rule is sought to be enjoined.

Upon a hearing of the application for temporary injunction on February 5, 1921, the court below sustained a general demurrer to plaintiffs' petition, and, plaintiffs declining to amend, the suit was dismissed.

[1] It is apparent from this statement of the record that the primary purpose of the suit was to secure to plaintiffs the right to vote in the city Democratic primary election held in the city of Houston on February 9, 1921, and that that election has long since been held. It is now impossible to grant plaintiffs the relief sought by their petition; the subject-matter of the suit having in effect ceased to exist. It follows that the question of the constitutionality of the statute under which the executive committee acted in promulgating the rule complained of by plaintiffs is now a moot question in so far as it affects the cause of action within which is the basis of this suit.

[2] The constitutionality of a statute will not be inquired into by the courts unless the petition by which the question is presented shows that the statute affects some concrete right of the complainants. The rule of the executive committee applied only to the primary election of February 9, 1921, and we cannot assume either that the next Democratic primary election will be called under the same rule or instructions of the committee, or that appellants when such election may be called will be qualified voters in that city and desire to vote in such election.

It is well settled by our decisions that appellate courts will not entertain jurisdiction to hear and determine questions presented by an appeal when the cause of action upon which the suit is based has ceased to exist. S. W. Telephone Co. v. Galveston County, 59 S. W. 589; Robinson v. State, 87 Tex. 565, 29 S. W. 649; Lacoste v. Duffy, 49 Tex. 768, 30 Am. Rep. 122; Gordon v. State, 47 Tex. 208; McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720; Bolton v. City of San Antonio, 4 Tex. Civ. App. 174, 23 S. W. 279.

[3] The only material question now left in the case is the question of costs, and that question alone is not sufficient to require this court to entertain the appeal.

For the reasons stated we are of opinion that this appeal should be dismissed; and it has been so ordered.

Dismissed.