**WICHITA COUNTY, Texas, et al., Appellants,**

v.

**Weldon BAILEY et al., Appellees.**

No. 15371.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 15, 1957.

Atwood McDonald, Fort Worth, Mc-Donald & Anderson and Geo. W. Ander-son, Wichita Falls, for appellants.

Jones, Parish & Fillmore, and Clyde Fillmore, Wichita Falls, for appellees.

PER CURIAM.

Wichita County is in the population bracket making applicable the provisions of Article 3883i, Secs. 4 and 7, Vernon's Ann.Civ.St., providing for the fixing of salaries of county officials, and Article 2350n, Sec. 3a, providing for automobile expense allowance for County Commissioners. Said county does not furnish its County Commissioners automobiles for use in the performance of their duties.

On December 12, 1955, the Commissioners Court set the salary of each Commissioner at $5,625 per year, based upon an original salary of $4,500 plus a twenty-five per cent increase, and set the salaries of other county officials at $7,421.88 per year, based upon an original salary of $5,937.50 plus a twenty-five per cent increase.

On February 4, 1957, the Commissioners Court passed an order authorizing each Commissioner to draw $100 per month, beginning February 1, 1957, for expenses incident to using their own automobiles in performing their official duties. They drew such amounts.

Appellees Weldon Bailey, Sheriff, and Jim Robinson, Tax Assessor and Collector, respectively, filed suit for themselves and other officials similarly situated against appellants Guy H. McNeely, County Judge; Joe C. Gowdy, County Auditor; Thomas McHam, County Treasurer; and Kelley Gilbreath, Clark Gresham, E. E. Voyles, and H. H. Haynes, County Commissioners, and on May 9, 1957, obtained a judgment for a writ of mandamus requiring appellants "to do either one of two things, first, to raise the salaries of the other officials designated in Article 3883i of the Revised Civil Statutes * * * in the same percentage as $1,200.00 a year bears to $5,-625.00 or 2nd, to lower their own salaries to the sum of $5,625.00 per year."

It was appellees' contention that the $100 per month purported car expense drawn by each Commissioner is salary, and that Sec. 7 of Article 3883i forbids the Commissioners from increasing their own salaries at a higher percentage than the percentage raise fixed for other officials. Appellants contend that the $100 per month is not salary but expense allowance.

Appellees have moved to dismiss the cause on the ground that it is moot, since the Commissioners Court, on July 8, 1957, raised the salaries of the county officials to a figure higher than that provided for in the judgment. Appellants resist the motion, contending that the action of the Commissioners Court in raising the salaries of the officials was not a compliance with the judgment, and that the question presented by the appeal is of such public importance that it should be decided even though it be found that the judgment appealed from has been satisfied.

We apprehend that appellants mean to say that since the raise was more than "in the same percentage as $1,200.00 a year bears to $5,625.00" it does not comply with the judgment. We think it is no answer to a contention that a judgment has been satisfied to say that it has been more than satisfied. The fact that in the same order the Commissioners Court raised their own salaries in a higher percentage than they raised the salaries of the other officials does not present anything here for review.

We have concluded that the case is moot and should be dismissed. Should the judgment be affirmed, it could not be enforced, because it is now satisfied, and no mandamus would issue. Should it be reversed and rendered, the salary raise granted appellees would not be nullified. Should the cause be remanded, there would be nothing to try.

The question whether the car allowance is salary or expense does not appear to be of such public importance as to require a consideration of the merits when a decision would have no practical efficient operation. This case is distinguishable from In re Cuddeback, 3 App.Div. 103, 39 N.Y.S. 388; Southern Pacific Terminal Company v. Interstate Commerce Commission, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310; and United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007. It has been held that even though an appeal involves the constitutionality of a statute, no such public importance

attaches to the case as would require a decision on the merits when no effective relief can be given. Love v. Griffith, Tex.Civ. App., 236 S.W. 239.

Appellees' motion to dismiss the cause is granted, and the judgment of the trial court is reversed and set aside and this cause is dismissed without prejudice to the rights of any party. The costs in the trial court and in this court are adjudged against appellants.