**Gary Lee McLAUGHLIN, Petitioner,**

v.

**Bonnie McLAUGHLIN (Smith), Respondent.**

**No. 6154.**

Court of Civil Appeals of Texas,
El Paso.

Feb. 24, 1971.

———◆———

Lee A. Chagra, El Paso, for petitioner.

Joseph (Sib) Abraham, Bart Cox, El Paso, for respondent.

OPINION

RAMSEY, Chief Justice.

This is an appeal from an order of the 65th District Court of El Paso County. An order was entered by the trial court as of July 29, 1970, modifying or changing visitation and/or custodial provisions, and from such order the defendant perfects this appeal.

Bonnie McLaughlin (Smith), as plaintiff, filed a pleading styled, "Plaintiff's Application for Modification of Visitation Rights", against her former husband, Gary Lee McLaughlin, defendant, seeking judgment of the court to permit her to have her children visit with her in Albuquerque, New Mexico for a one-month period of time. This proceeding was filed in the same court and under the same docket number as her original suit for divorce in which a judgment had been previously entered on September 27, 1968.

In the original divorce action, the judgment of September 27, 1968 awarded custody of the two minor children to the defendant, Gary Lee McLaughlin, subject to the plaintiff's right of reasonable visitation. Thereafter, on August 13, 1969 plaintiff filed an affidavit for contempt, alleging the defendant would not permit her to visit the children, which was also filed under the same docket number and in the same court. No disposition is shown in reference to this pleading. Subsequently, on October 29, 1969, plaintiff again filed, under the original docket number and in the same court, a motion to modify the original judgment, and a hearing was held resulting in an order entered by the court as of October 30, 1969. This order also provided for reasonable visitation rights and particularly specified that plaintiff is to pick up the minor children every second Saturday of every month at 10:00 o'clock A.M. and return them at 5:00 o'clock P.M. on Sunday. The proceeding from which this appeal was taken was filed on July 25, 1970, in which the plaintiff sought, in a petition again filed in the same court and under the same docket number, modification of the October 30, 1969 order, to obtain court permission for the children to visit and remain with her in Albuquerque for one month, from July 13, 1970 until August 13, 1970. The defendant, in response, filed a motion to dismiss on the following grounds:

1. That plaintiff must plead and prove change of conditions; and,

2. That this is an original suit for change of custody for which the court lacks jurisdiction since it is filed under the original divorce proceedings.

The court proceeded with the hearing on July 17, 1970, and signed and entered an order on July 29, 1970. The order entered provided, in effect, the same provisions concerning plaintiff's visitation rights as were contained in the order of October 30, 1969 and, in addition, made the further provision:

"It is therefore, ORDERED, ADJUDGED and DECREED by the Court that the petitioner, BONNIE McLAUGHLIN (SMITH), shall have the two (2) minor children, to-wit: GARY LEE McLAUGHLIN, JR. and JEFFREY SCOTT McLAUGHLIN with her for visitation rights in Albuquerque, New Mexico, commencing Monday, July 20, 1970, at noon, until Friday, July 31, 1970, at 6:00 o'clock P.M. at which time she will return the children to the Respondent, GARY LEE McLAUGHLIN."

The defendant gave notice of appeal in open court, which is recited in the court's judgment. The transcript was ordered and filed in this court on August 17, 1970, some 18 days after the expiration of the visitation period awarded to the plaintiff in the court's order.

Defendant predicates his appeal on one point of error, embodying the contents of his Motion to Dismiss; such being that a modification or change of custody must be brought as a new action and must allege and prove change of circumstances.

It is apparent that the only change or modification in the visitation and custodial rights of the parties is the period of time from July 20, 1970 to July 31, 1970, as above quoted. In so far as this appeal is concerned, any controversy relating to the court's authority, or lack thereof, is rendered moot, since such period of time has long since passed and there is no provision for the future contained in the order.

We find that the basic matter in controversy is the modification of the earlier order. The courts of this state have generally held that appellate proceedings present a moot case when it is impossible for the court to grant effectual relief for any reason, whether it be because of death, lapse of time, or other reasons. See 3 Tex.Jur. 2d § 54, pp. 318–319, and 4 Tex.Jur.2d, § 703, pp. 207–208.

The general statement as to the applicable law is based on the holdings in Connecticut General Life Ins. Co. v. Mathis, 91 S.W.2d 1184 (n. w. h.); Danciger Oil & Refining Co. v. Railroad Commission, 122 Tex. 243, 56 S.W.2d 1075 (1933); Texas Foundries v. International Moulders and F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (Sup.Ct.1952).

Under the circumstances presented here, we deem the proper procedure to be that the order of the trial court, signed and entered July 29, 1970, which is appealed from, be reversed without prejudice to either party. Such action by this court effectively disposes of the basic matter on appeal, and any further discussion as to collateral matters would not benefit the ultimate result. The courts of this state have held that even though an appeal may involve other matters, their determination is inconsequential when no effective relief could be granted regardless of the decision. Wichita County v. Bailey, Tex.Civ.App., 307 S.W.2d 620 (n. w. h.); Love v. Griffith, Tex.Civ.App., 236 S.W. 239 (dismissed).

Accordingly, the order of the trial court of July 29, 1970 is reversed and set aside, and the cause that is the basis of this appeal is dismissed, without prejudice to future rights of the parties.