

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00805-CV

**IN THE INTEREST OF E.M.T.**, et al., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00191
Honorable Martha B. Tanner, Judge Presiding

Opinion by:      Rebeca C. Martinez, Justice

Sitting:         Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: March 27, 2019

AFFIRMED

Appellant, C.T., appeals the trial court's Final Order in Suit Affecting the Parent-Child Relationship appointing him joint managing conservator of his three children. We affirm the trial court's order.

### BACKGROUND

In July of 2016, the Texas Department of Family and Protective Services received a referral on behalf of E.M.T. and his two siblings. The referral alleged drug use by both C.T. and the children's mother, domestic violence, and unsanitary living conditions. The children were removed from the home and placed with their maternal grandmother, Patricia. Two of the children have special developmental needs and the youngest was an infant at the time of removal.

On February 5, 2018, a bench trial was conducted on the Department's "Original Petition for Protection of a Child, For Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship."  The evidence at trial showed that C.T. successfully completed his court-ordered family service plan.  He was employed and had an appropriate home.  The Department had concerns about C.T.'s ability to manage two children with special needs and a toddler.  The caseworker stated that C.T. is very quick to anger and yells at the children; it was alleged that he would hit the children.  The older children reported that they were fearful of him.  The Department also had concerns that C.T. had not completely given up drug use based on a recent hair follicle test.  The Department recommended that C.T. be granted supervised visitations due to concerns of continued drug use and inability to parent the children without assistance.  The children were living with their maternal grandmother, who was very protective of all three children.  The older children reported that they wanted to continue living with their maternal grandmother.

The children's mother testified C.T. used drugs during their ten years together and that he was often violent to her and the children.  She did not believe the children would be safe if returned to C.T.'s care because of his temper.

The maternal grandmother testified she believed the children had experienced verbal abuse from C.T. and that she had concerns he would revert to drug use.  The maternal grandmother stated the children were thriving in her care and felt very comfortable in her home.

C.T. testified that he had used drugs extensively in the past and had only been clean for approximately six months prior to trial.  He was ready to parent his children and wanted to attend family counseling.  He understood that his children were still traumatized from the violence they witnessed while their parents were living together.  C.T. has worked on his anger management issues and is now more patient with the children.

C.T.'s counselor testified that she worked with C.T. on issues concerning domestic violence, substance abuse, and anger management. The counselor had since come to believe that C.T. was not the perpetrator of domestic violence, but the victim. C.T. has become much calmer and made many positive changes through therapy and the counselor believed that he should be given a chance to parent his children.

The trial court signed a final order allowing the parents to maintain their parental rights—mother was named possessory conservator and C.T. was named joint managing conservator along with the maternal grandmother. The trial court found that "appointment of a parent or both parents as managing conservator would not be in the best interest of the child . . . because the appointment would significantly impair the child's physical health or emotional development." Appendix A ("Possession of and Access to the Children") was attached to the order and in it the trial court ordered that C.T. have possession and access as follows:

> at times mutually agreed to in advance by the parties; and, in the absence of mutual agreement, on the following schedule, terms and conditions:
>
> Visits each week for 1 ½ hours supervised by Patricia . . . for the next 3 months beginning February 15, 2018. Thereafter, visits each week for 1 ½ hours supervised by Patricia . . . and 1 ½ hours unsupervised from May through July 2018. Thereafter, 1st, 3rd, and 5th Saturday of each month beginning at 9:00 a.m. Saturday and ending at 10:00 a.m. on Sunday.

On appeal, C.T. argues the trial court erred in (1) limiting his possession and access to the children and (2) failing to make findings of fact and conclusions of law.

## DISCUSSION

Conservatorship determinations are subject to review only for abuse of discretion and may be reversed only if the decision is arbitrary and unreasonable. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Under that standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error, but are relevant in assessing whether the requisite abuse

of discretion is present. *In re C.M.*, No. 05–12–00380–CV, 2014 WL 470774, at \*3 (Tex. App.– Dallas Feb. 6, 2014, no pet.) (mem. op., not designated for publication). We review the evidence in the light most favorable to the order and indulge every presumption in favor of the trial court's ruling. *Id.* If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id.* Because there are no findings of fact or conclusions of law, it is implied that the trial court made all findings necessary to support the trial court's order. *Id.* The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child. TEX. FAM. CODE ANN. § 153.002.

C.T. first argues the trial court abused its discretion in limiting his access and possession to the children pursuant to section 153.193; that section, however, applies when a parent is appointed as possessory conservator. *See* TEX. FAM. CODE ANN. § 153.193. C.T. was appointed joint managing conservator, not possessory conservator, and thus we decline to address his argument under section 153.193. Instead, we construe his argument as a challenge to the trial court's appointment of maternal grandmother as joint managing conservator, and failure to appoint him as sole managing conservator. When the trial court appoints a non-parent as joint managing conservator, it must make a finding that the appointment of both parents as managing conservator or one parent as sole managing conservator would significantly impair the child's physical health or emotional development. TEX. FAM. CODE. ANN. § 153.131(a).[1] A finding that appointment of

---

[1] Section 153.131(a) of the Family Code provides:

> (a) Subject to the prohibition in Section 153.004, unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

> (b) It is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child. A finding of a history of family violence involving the parents of a child removes the presumption under this subsection.

TEX. FAM. CODE. ANN. § 153.131(a).

a parent as sole conservator would significantly impair the child's physical health or emotional development is governed by a preponderance-of-the-evidence standard. *See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007).

The evidence at trial showed that C.T. had struggled to manage his anger and that he verbally abused the children. The children's mother testified that C.T. disciplined the children by hitting them. C.T. had used drugs extensively in the past and had been clean for only six months prior to trial. This evidence supports the trial court's finding that appointing C.T. as sole managing conservator would significantly impair the children's physical health or emotional development. *See id.* (trial court's finding under section 153.131 must be based on a preponderance of the evidence). We therefore cannot say the trial court's conservatorship determinations were arbitrary, unreasonable, or an abuse of discretion.

Further, any complaint that the trial court erred in ordering supervised visitation has been rendered moot, because the order provides that C.T. is entitled to unsupervised overnight visitation as of August 2018. *See McLaughlin v. McLaughlin*, 464 S.W.2d 424, 425 (Tex. Civ. App.—El Paso 1971, no writ). We overrule C.T.'s first issue on appeal.

In his second issue, C.T. argues the trial court erred in failing to make findings of fact in violation of section 153.258. *See* TEX. FAM. CODE ANN. § 153.258(a) ("In all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, including a possession order for a child under three years of age, on request by a party, the court shall state in writing the specific reasons for the variance from the standard order."). A request for findings under section 153.258 must conform to the Texas Rules of Civil Procedure. *See id.* § 153.258(b). C.T. filed a written request for findings of fact and conclusions of law on March 14, 2018, as required by Rule 296. *See* TEX. R. CIV. P. 296. He did not, however, file a notice of past due findings of fact and conclusions of law as required by Rule

297. *See* TEX. R. CIV. P. 297. The failure to file notice of past due findings of fact and conclusions of law waives the appellant's right to complain on appeal with regard to the trial court's failure to make findings or conclusions. *See Burns v. Burns*, 116 S.W.3d 916, 922 (Tex. App.—Dallas 2003, no pet.). Thus, we conclude C.T. has waived his second issue on appeal.

### CONCLUSION

Having overruled C.T.'s issues on appeal, we affirm the trial court's order.

Rebeca C. Martinez, Justice